**LINWOOD STATE BANK, a corporation,**
**Respondent,**

v.

**TIME PLANS, INC., a corporation,**
**Appellant.**

No. 24470.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

Donald L. Mason, John J. Hager, Mason, Gant & Moran, Kansas City, for appellant.

Alvin D. Shapiro, Stinson, Mag, Thompson, McEvers & Fizzell, Kansas City, for respondent.

SPERRY, Commissioner.

This suit was instituted by plaintiff, Linwood State Bank, a corporation engaged in a general banking business in Kansas City, against defendant, Time Plans, Inc., to recover a judgment against defendant on account of three checks issued by defendant to A A Auto Sales, a partnership. Said checks were alleged to have been endorsed by the payee and deposited to its credit in plaintiff bank. The drawer "stopped payment" of the checks by so notifying Park National Bank, upon which the checks were

drawn. Trial to the court resulted in judgment for plaintiff in the total amount of the checks involved, the sum of $5,995.00, together with interest thereon from May 10, 1963, in the sum of $749.37, and for costs. Defendant appeals.

Plaintiff pleaded that defendant did, on or about May 6, 1963, make and sign its check No. 26611, with A A Auto Sales as payee, in the amount of $3,050.00, and did then and there deliver same to the named payee; that, on or about May 7, 1963, defendant did make and sign checks numbered 26619 and 26621, with A A Auto Sales as payee, in the amount of $1,195.00 and $1,750.00, respectively, and did then and there deliver same to the named payee; that, on May 6, 1963 and on May 7, 1963, the payee deposited same, in the regular course of business, in its account with plaintiff; that the payee, for value received, did endorse said checks to the order of plaintiff; that plaintiff is now the lawful holder, in due course, and owner for value of said three checks; that, in the regular course of business, plaintiff presented said three checks for payment at Park National Bank, and was informed that defendant had stopped payment thereon and it refused to honor said checks; that, since May 10, 1963, defendant has willfully and wrongfully failed and refused to honor said checks, although demand for payment has been duly made; that there is now due and owing to plaintiff thereon the sum of $5,995.00, plus accrued interest from May 10, 1963.

Defendant filed answer denying each and every allegation of the petition and moved that same be "dismissed for failure to state a claim upon which relief can be granted".

Plaintiff read into the record certain requests for admission, and the answers thereto, as made by defendant. Defendant admitted every material allegation of the petition as above set out. Plaintiff also offered substantial and documentary evidence in support of said allegations. Defendant offered testimony. Some of it tended to show that it learned, after delivering the checks to payee, that some of the security given to it by payee as consideration for the issuance of said checks was invalid, which is why payment was stopped.

In response to plaintiff's written request for findings of fact and conclusions of law, the court found as follows:

### "FINDINGS OF FACT

"1. On May 6, 1963, defendant made and signed its check No. 26611, with A A Auto Sales as payee, in the amount of $3,050.00, and delivered said check to said payee.

"2. After having endorsed same unrestrictedly, the payee deposited said check in its checking account at plaintiff Linwood State Bank on May 6, 1963; credit in the full amount of said check, $3,050.00, was immediately extended by plaintiff to the payee.

"3. On May 7, 1963, the defendant made and signed its checks No. 26619, in the amount of $1,195.00, and No. 26621, in the amount of $1,750.00 with A A Auto Sales as payee on each, and delivered said checks to said payee.

"4. After having endorsed them unrestrictedly, the payee deposited said checks in its checking account at plaintiff Linwood State Bank on May 7, 1963; credit in the full amount of said checks, or a total of $2,945.00, was immediately extended by plaintiff to said payee.

"5. In the regular course of business, plaintiff sent check No. 26611 to the drawee, Park National Bank, where it was presented for payment on May 10, 1963, but payment of said check was stopped by defendant.

"6. In the regular course of business, plaintiff sent checks Nos. 26619 and 26621 to the drawee, Park National Bank, where they were presented for payment on May 13, 1963, but payment of said checks was stopped by defendant.

"7. On May 6, 1963, and on May 7, 1963, when Linwood State Bank received the three checks in question and extended credit to A A Auto Sales in the full amount of said checks, it had no knowledge of any dispute between defendant and A A Auto Sales or of any infirmity in regard to said checks; said checks were complete and regular upon their face.

"8. Although defendant offered some evidence purportedly showing a partial failure of consideration as between A A Auto Sales and defendant, defendant has not borne its burden of proof to establish either fraud or a complete failure of consideration.

"9. While the final overdraft in A A's account because of the dishonor and non-payment of the checks in question amounted to $4,886.76 (or $1,108.24 less than the full face amount of the checks), nevertheless, the evidence established, on a first-in-first-out basis, that plaintiff had paid out the full face amount of the three checks prior to any notice of stop payment and/or dishonor. Even if first-in-first-out would not be applicable, plaintiff paid full value for the checks in question in the amount of $5,995.00. Defendant did not in this case plead any right to said $1,108.24 arising out of its dispute with A A Auto Sales.

## "CONCLUSIONS OF LAW

"1. (a) At the minimum, plaintiff is the owner of these instruments, having paid full value for same, to-wit: $5,-995.00.

"(b) Rule 55.10, Rules of Civil Procedure, requires that the defenses of failure of consideration and/or fraud be affirmatively pleaded. Defendant did not plead any affirmative defense. Plaintiff made proper and timely objection to all evidence concerning said defenses of failure of consideration and/or fraud; no request was made by defendant to amend its answer to allege such affirmative de-

fenses. The Court, sitting without a jury, is free to, and did, receive all such evidence so objected to by plaintiff; but it is also free to, and did, disregard such evidence as would be inadmissible because of a failure to be pleaded.

"(c) Even if it had been properly pleaded and was in issue, defendant failed to prove fraud or a complete failure of consideration, and, in any event, failed to rebut the statutory presumption of a valuable consideration for these instruments. Sec. 401.024, R.S.Mo. [V.A.M.S.] Even though there was evidence of partial failure of consideration as between defendant and A A Auto Sales, such is not sufficient to defeat plaintiff's right of recovery.

"(d) Having failed to plead and/or prove the defenses of fraud and/or a failure of consideration, defendant is liable to plaintiff, as owner, in the face amount of the three checks in question, plus interest from the date they were due.

"2. In the alternative, and in addition to Conclusion No. 1, the Court also concludes plaintiff was a holder in due course of said instruments, having fulfilled all requirements of a holder in due course, as set forth in Sec. 401.052, R.S.Mo., [V.A.M.S.], and there was no restrictive endorsement by the payee. There was no evidence to rebut the *prima facie* showing of plaintiff's status as a holder in due course. Even had defendant pleaded and/or proved the defenses of fraud and/or failure of consideration, plaintiff, as a holder in due course, would not be subject to such defenses.

"3. Either as owner (Conclusion No. 1) or as holder in due course (Conclusion No. 2), plaintiff is entitled to the full face amount of these three instruments, to-wit: $5,995.00, plus legal interest from May 13, 1963, to-wit: $749.-37".

From an examination of the transcript herein we hold that the findings of fact made by

the court are fully supported by the entire record. We find the facts to be as stated by the court.

■ Plaintiff paid out of depositor's account checks drawn thereon in the full amount of the deposits here in controversy. This was done prior to any notice to it of defendant's contention as to the infirmity of securities delivered to defendant by A A Auto Sales, payee, or of any notice that defendant had stopped payment on the checks. It is true that there remains in the depositor's account, after payment of all checks drawn against the account and presented to plaintiff prior to its knowledge of defendant's contention of infirmity or partial failure of consideration, $1,108.24. That does not affect plaintiff's legal status; defendant did not plead, affirmatively or otherwise, as to this balance. We therefore approve of the court's conclusions of law number 1 (together with subparagraphs thereunder) and of numbers 2 and 3.

Defendant says that plaintiff received the deposits for *collection* and, at most, can be but an owner, not a holder in due course. Under the bank collection code, (which has since been repealed), assuming but not holding that it applies here, Sec. 402.030 R.S.Mo.1959, provides that when a bank received on deposit an item for collection, it is agent for the depositor; but it also provides that the bank shall have all of the rights of an owner thereof, against prior and subsequent parties, to the extent of the amount withdrawn prior to notice of infirmity. The trial court found that the full amount credited had been withdrawn prior to notice to plaintiff of "stop payment", or of any dissatisfaction on defendant's part. In Annotation, 59 A.L.R.2d 1173, 1181, it is said:

"Sec. 4. PROCEEDS ENTIRELY
WITHDRAWN.

Although the mere crediting by a bank of the proceeds of a negotiable instrument to the account of, a depositor does not generally constitute a giving of value so as to constitute the bank a holder in due course, it has almost universally been held or stated that when the bank permits its depositor to withdraw completely or otherwise employ the proceeds of the item deposited prior to receipt of any notice that payment has been stopped or that the instrument is defective, the bank has given value for the negotiable paper and is a holder in due course".

Cited therewith is the case of Benton v. German-American National Bank, 122 Mo. 332, 26 S.W. 975; and Union National Bank v. Fox (Mo.App.) 9 S.W.2d 1070. See also Britton on Bills and Notes, 2d Ed., page 235.

■ Defendant did not offer any evidence tending to disprove the facts shown by plaintiff and such facts establish prima facie that plaintiff is a holder in due course under the terms stated in Sec. 401.052, R.S. Mo.1959, V.A.M.S. As a holder in due course plaintiff was not subject to any defenses that defendant had. Sec. 401.057, R.S.Mo.1959, V.A.M.S.

However, plaintiff was in any case, "owner" of the checks under the provisions of the Bank Collection Code, supra, and under the facts as found by the court. Farmers' Exchange Bank of Missouri v. Farm & Home Savings & Loan Association, 332 Mo. 1041, 61 S.W.2d 717, 722, 723.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.