332 F.Supp. 1166 (1971)
CENTRAL BANK AND TRUST COMPANY, Plaintiff,
v.
FIRST NORTHWEST BANK, Defendant and Third-Party Plaintiff,
v.
William Vincent TUCKER et al., Third-Party Defendants.
No. 70 C 326(3).
United States District Court, E. D. Missouri, E. D.
September 16, 1971.
*1167 Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.
*1168 Kenney & Reinert, St. Louis, Mo., Richard A. Roth, Clayton, Mo., Rosenberg, Weiss, Goffstein & Kraus, St. Louis, Mo., Herbert V. Rollins and Arthur J. Genser, Detroit, Mich., for defendants.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
This matter is before the court on motion of plaintiff Central Bank and Trust Company of Birmingham, Alabama for summary judgment against defendant First Northwest Bank. Affidavits and counter-affidavits are on file.
This is an action on a cashier's check issued by defendant payable to Tangible Risk Insurance Company, endorsed and deposited with plaintiff and subsequently dishonored by defendant's non-payment. As an additional Count II, plaintiff also alleges the failure of plaintiff to give prompt notice of dishonor. As an additional Count III, plaintiff also alleges that defendant has refused to honor the check, has refused to return it and has converted it. Plaintiff seeks actual damages of $50,000 in Counts I, II and III and also $50,000 punitive damages in Count III. From the pleadings and affidavits on file, the following material facts are undisputed:
On March 25, 1970, Tangible Risk Insurance Company presented cashier's check #26381 issued by defendant First Northwest Bank in the amount of $50,000 for deposit to its account #XXX-XXXX-X maintained at plaintiff Central Bank and Trust Company. The check was endorsed in blank by authority of the payee. The cashier's check was regular on its face. Prior to accepting the cashier's check, plaintiff placed a long-distance call to Mr. Albert Lakebrink, cashier of First Northwest Bank to ascertain whether the check was validly issued. Mr. Lakebrink confirmed that the check had been issued. Central, thereupon, on March 25, 1970 accepted the check and credited Tangible Risk in the amount of $50,000.
Plaintiff promptly sent the cashier's check directly to defendant by regular mail, postage prepaid, for payment. Defendant received the check and plaintiff's collection memorandum requesting payment on March 26, 1970. By a series of withdrawals, Tangible Risk withdrew by April 4, 1970 sums in excess of the credit of $50,000 granted by plaintiff at the time the cashier's check was accepted for deposit and credit.
Defendant has refused to honor the cashier's check. On or about April 24, 1970, defendant, through its president, advised plaintiff by letter that it was not honoring payment on the cashier's check, stating that "Tangible Risk Insurance Company is indebted to us for a sum greatly in excess of the $50,000, so we are using the Cashier's Check as an offset against their indebtedness." Defendant has given plaintiff no other notice of dishonor.
Defendant has asserted a number of affirmative defenses. First, defendant contends that plaintiff should not have disbursed or paid out any monies or funds upon any item placed with it for collection until that item had cleared or been paid because of past activities by Tangible Risk Insurance Company which plaintiff knew or should have been aware of. As a second defense, defendant alleges that plaintiff failed to act in good faith in paying out such funds under circumstances alleged to be known to plaintiff. As a third defense, defendant contends that plaintiff failed to use ordinary care in presenting the cashier's check for payment. As a fourth defense, defendant alleges that plaintiff was the agent of Tangible and therefore was charged with knowledge of a defect in Tangible's title to the cashier's check, Tangible's operations and activities and that the cashier's check was not a proper item for payment until the defendant had accepted the cashier's check and returned a cashier's check payable to plaintiff in the amount called for therein. As a fifth defense, defendant contends that plaintiff was an agent or sub-agent of Tangible and therefore was *1169 not a holder in due course. A sixth affirmative defense alleges that plaintiff as an agent or sub-agent of Tangible was charged with some form of participation in a scheme to defraud defendant. In the seventh affirmative defense, defendant denies the signature on the cashier's check as a proper signature. An eighth affirmative defense alleges a constructive trust in favor of defendant.
While many of the affirmative defenses appear to be mere restatements of the same legal positions taken by the defendant, it does not appear that the allegations are supported factually by the opposing affidavits or any of the discovery on file. Some of the allegations of fact, even if proved, are immaterial to the issues. The court finds that there is no genuine issue as to any material fact. We next proceed to the determination of liability on the undisputed facts.
Both Missouri and Alabama have adopted the Uniform Commercial Code. As plaintiff correctly points out in its brief, the Uniform Commercial Code § 4-302 imposes strict liability upon a payor bank for the full amount of any demand item other than a documentary draft that the bank "does not pay or return the item or send notice of dishonor until after its midnight deadline" [midnight of the banking day of receipt of the item]. Thus, failure to give notice of dishonor within the statutory period nails down the liability irrespective of whether or not it would otherwise had been properly payable. Wiley v. Peoples Bank & Trust Company, 438 F.2d 513 (5th Cir. 1971). By its failure to take action within the statutory period and return the check, defendant precluded itself as a matter of law from asserting any of the affirmative defenses set forth in its answer, none of which constitute valid defenses to the note under the Uniform Commercial Code.
On oral argument, defense counsel urged that because plaintiff mailed the check directly to defendant instead of placing it for collection through regular clearing house channels, defendant was relieved of its duty to notify plaintiff that the check would not be paid. This argument is without merit. A collecting bank is expressly authorized to send the item directly to the payor bank. U.C.C. § 4-204(2) (a).
By the issuance of the cashier's check, "the maker or acceptor engages that he will pay the instrument according to its tenor at the time of his engagement * * *." U.C.C. § 3-413. It is well established that a collecting bank may be a holder in due course when it takes an instrument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. U.C.C. § 3-302. Waltham Citizens National Bank v. Flett, 353 Mass. 696, 234 N.E.2d 739 (Mass.1968). Anno. 18 A.L.R.3rd 1388-91.
The telephone call by plaintiff to defendant was an act of prudence. It implies no knowledge of any impediment in the check. Had defendant at that time notified plaintiff of any defect, it is probable that plaintiff would have been on such notice that defendant would have been relieved of liability had plaintiff proceeded to acquire the check. This we need not decide because no such notification was given.
That the payee's endorsement may have been supplied by plaintiff as the depositary bank which had taken the item for collection does not affect plaintiff's standing as a holder in due course. U.C.C. § 4-205. Bowling Green, Inc. v. State Street Bank & Trust Company, 425 F.2d 81, 84 (1st Cir. 1970); Security State Bank v. Baty, 439 F.2d 910 (10th Cir. 1971).
In determining whether the item was taken in "good faith" more than mere suspicion must be present; there must be actual knowledge of some defect in the instrument. Local Finance Company v. Charlton, 289 S.W.2d 157 (Mo. App.1956). 10 C.J.S. Bills and Notes § 324(b). See U.C.C. § 3-304.
*1170 A review of the various affidavits and exhibits submitted in opposition to the motion for summary judgment discloses no evidence of any actual knowledge by plaintiff, its officers or agents of any fraud or scheme to defraud involving Tangible, its officers and agents or any of the officers or agents of defendant, or any knowledge of any scheme by any other third parties to defraud defendant involving the cashier's check in question. No doubt the telephone call was placed because Tangible was asking for immediate funds in part payment of the tendered check. We are directed to no authority which requires the depositing bank to await collection of the cashier's check before granting credit to the depositing customer.
Defendant's attempts to defeat plaintiff's standing of holder in due course upon a theory that plaintiff was the agent of Tangible Risk based upon U.C. C. § 4-201 are wholly without merit. Citizens Bank of Booneville, Ark. v. National Bank of Commerce, 334 F.2d 257 (10th Cir. 1964). See annotation 59 A. L.R.2d 1173, 1181, cited in Linwood State Bank v. Time Plans, Inc., 407 S. W.2d 654 (Mo.App.1966).
A separate contention by defendant that since Tangible Risk was a non-registered foreign corporation in the State of Alabama, any transaction involving it would be invalid, is without merit. Reliance upon Title 10 § 21(89) of the Alabama Code is misplaced. This statute has its counterpart in most of the states. It is designed for the protection of its citizens, permitting suits by citizens against non-registered foreign corporations and preventing non-registered corporations doing local business from using the courts of the forum to enforce their claims. The defense of illegality is confined to the parties of the contract and is not available to third parties to defeat a just claim. Bell v. Freeman, 104 So.2d 771 (Ala.App.1958).
There have been extensive discovery and vigorous efforts on the part of defendant to implicate the plaintiff in some material way in the fraudulent scheme by which it contends it was induced to issue the cashier's check in question. No such facts have emerged, and the court concludes that the issues, although tendered in the answer, are not genuine. As between this plaintiff and this defendant, the material issues of fact are undisputed. This is a simple case of a bank accepting a cashier's check of another bank for deposit, extending credit on the basis of this deposit in good faith, for value and without notice of any defect. Presentment was promptly made and no protest was received within the time required. U.C.C. § 4-302. Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment will therefore be sustained and judgment will be entered in the principal sum of $50,000. Plaintiff has abandoned its claim for punitive damages for purposes of this motion, but it is entitled to interest at the rate of 6% per annum from and after March 27, 1970. RSMo 1969 § 408.020, V.A.M.S.