**COMMERCE BANK OF UNIVERSITY CITY, a corporation, Appellee,**

v.

**EDCO FINANCIAL SERVICES, a corporation, Appellant.**

**No. 74–1622.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1975.

Decided Jan. 14, 1975.

Theordore F. Schwarts, Clayton, Mo., for appellant.

Jerome M. Rubenstein, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Upon a careful consideration of the record, briefs and arguments of the parties, the court has concluded that summary judgment for plaintiff Commerce Bank of University City was properly awarded by the District Court. The two questions in the case, whether personal jurisdiction was properly asserted over defendant EDCO Financial Services and whether Commerce Bank was a holder in due course of checks issued by defendant, are conclusively answered in the affirmative by the record.

Defendant's affidavit in opposition to summary judgment establishes that defendant was doing business in the State of Missouri, the test for long-arm personal jurisdiction under Mo.Rev.Stat. § 506.500(1) (1969). Defendant further admitted in responses to interrogatories that there were no infirmities or defects in the checks. There is no dispute that Commerce Bank did give value for the checks or that EDCO did stop payment on the checks.

The defense raised by appellant EDCO under Mo.Rev.Stat. § 400.4–201 (1969) that the bank was an agent of its depositor and thus subject to all defenses that could be raised by EDCO against the depositor is not well taken. Central Bank & Trust Co. v. First Northwest Bank, 332 F.Supp. 1166, 1170 (E.D.Mo. 1971), aff'd, 458 F.2d 511 (8th Cir. 1972); Citizens National Bank v. Fort Lee Savings & Loan Association, 89 N.J.Super. 43, 46, 213 A.2d 315, 317 (1965). Thus, Commerce Bank, having taken the

checks without notice of infirmities is a holder in due course and is entitled to recover to the extent it has given credit for them.

The judgment of the District Court is affirmed.