## 54144. SERVE v. FIRST NATIONAL BANK OF ATLANTA.

QUILLIAN, Presiding Judge.

Defendant Mary Ellen Serve purchased a 1973 Porsche 914 automobile. She obtained a loan from the plaintiff the First National Bank in the amount of $4,900 to make the purchase. The following year she sold the car and deposited the check she received in payment, in the amount of $5,000, to her account in the First National Bank. At the same time she drew a personal check for $4,139.52 in favor of the First National Bank as the "payoff" of the loan. Bank records were introduced in evidence reflecting the deposit, and simultaneous withdrawal and, credit on the loan statement. The check was returned by the drawee bank marked "account closed."

Plaintiff bank sued defendant for the $5,000, interest, and court costs. Defendant moved for a directed verdict which was denied. The trial court entered findings of fact and conclusions of law giving judgment to the plaintiff. Defendant appeals. *Held:*

1. Defendant failed to argue or present citations of authority in the brief relative to enumerations of error, three, four, and eight. They are deemed abandoned. *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141); see also Rule 18 (c) (2) of this court, Code Ann. § 24-3618 (c) (2).

2. Defendant contends the trial court erred in determining that the check for $5,000 "was returned to the Plaintiff marked 'account closed' and has never been paid to the Plaintiff, causing a loss to the Plaintiff of $5,000." We do not agree.

Plaintiff called its "Assistant Commercial Officer" who was "[r]esponsible for branch operations and also

lending." He was "familiar in the course of his work with the method of keeping the books and records of the plaintiff." This knowledge included the branches of the First National Bank, their "loans" and "checking accounts." He dealt with the defendant when she was "paying off an automobile loan." He recounted the fact that defendant "had sold the car and received a check, the items to be deposited to her account, and then she would issue us her personal check on her account to pay off that automobile loan." He identified the $5,000 check, indorsed by the defendant, which also bore the notation, "account closed." He also identified the statement of the defendant's checking account and her loan account.

Although the plaintiff's witness admitted he had no personal knowledge of the circumstances surrounding the stamp showing "account closed," or whether that account is presently open or closed, the documents were admitted. Under Code Ann. § 38-711 (Ga. L. 1952, p. 177), "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business. . ." It is evident that the trial judge found the entries on the documents were made in the regular course of business, and this court has held "[a]ll other circumstances of the making of such writing or record, including lack of personal knowledge . . . may be shown to affect its weight, but they shall not affect its admissibility." *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 378 (100 SE2d 142); *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 745 (216 SE2d 127). We find the foundation for admissibility passes minimal qualifications. *Ferguson v. Atlanta Newspapers, Inc.,* 93 Ga. App. 622 (4) (92 SE2d 321). See Green, Ga. Law of Evidence § 313.

Although the entry of "account closed" was not made by the plaintiff bank, Code Ann. § 109A-3—510 (Ga. L. 1962, pp. 156, 274) provides in part: "The following are admissible as evidence and create a presumption of dishonor and of any notice of dishonor therein shown: (b) the purported stamp or writing of the drawee, payor bank or presenting bank on the instrument or accompanying it

stating that acceptance or payment has been refused for reasons consistent with dishonor."

When this section is considered in pari materia with Code Ann. § 38-711, supra, and a proper foundation has been furnished for official records of the presenting bank, it is evident that the notation on the check is admissible as primary evidence to establish, prima facie, the fact stated.

It logically follows that the evidence being admissible, it establishes that the defendant made a loan with the plaintiff for the purpose of purchasing a car. She later sold the car and received a check which was credited to her account and at the same time withdrew sufficient funds to pay off her loan. The check being returned by reason of the drawer's account being closed, and plaintiff having accepted defendant's personal check to pay off the auto loan, and defendant's personal checking account containing insufficient funds to charge back the $5,000 to the account, plaintiff was entitled to judgment against defendant as an indorser, where plaintiff was a holder in due course. *Pazol v. Citizens Nat. Bank,* 110 Ga. App. 319 (1) (138 SE2d 442).

We note that the defendant placed a restrictive indorsement on the check — "for deposit." The first taker is a holder in due course — provided he otherwise complies with Code Ann. § 109A-3—302. 2 Anderson, Uniform Commercial Code 794; Code Ann. § 109A-3—206 (4) (Ga. L. 1962, pp. 156, 250). The plaintiff gave value, acted in good faith, and had no notice of dishonor of the instrument — at that time. It credited the payment to defendant's checking account and her simultaneous personal check was credited to payment of the outstanding loan. Thereafter it received notice of dishonor, which can be given by the instrument itself "bearing a stamp . . . stating that acceptance or payment has been refused. . ." Code Ann. § 109A-3—508 (3) (Ga. L. 1962, pp. 156, 272); Code Ann. § 109A-3—510 (b) (Ga. L. 1962, pp. 156, 274). Accordingly, a cause of action accrued in favor of the holder following receipt of notice of dishonor. Code Ann. § 109A-3—122 (3) (Ga. L. 1962, pp. 156, 247; 1963, pp. 188, 190). No defense appears of record. The court did not err in giving judgment for plaintiff and refusing to direct a verdict for defendant.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 9, 1977.

*Paul R. Koehler,* for appellant.
*Maley & Crowe, Wayne C. Crowe,* for appellee.