**VAIL NATIONAL BANK,**
Plaintiff-Appellee,

v.

**J. WHEELER CONSTRUCTION CORPO-
RATION, a Colorado corporation,
Defendant-Appellant,**

and

**Gerhard K. Lenz and Darryl K. Blanch-
ard, individually and doing business
as Eagle Masonry, Defendants.**

No. 82CA0959.

Colorado Court of Appeals,
Div. III.

July 21, 1983.

Weinshienk, Miller, Borus & Permut,
James A. Jacobson, Hubert T. Weinshienk,
Denver, for plaintiff-appellee.

Robert A. Francis, P.C., Robert A. Fran-
cis, Aspen, for defendant-appellant.

BERMAN, Judge.

Wheeler Construction Corporation ap-
peals the trial court's grant of summary
judgment to Vail National Bank. We af-
firm.

The central question in this appeal is
whether Vail National is a holder in due
course of a check written by Wheeler to
Eagle Masonry. In 1981, Eagle was hired
by Wheeler to complete a masonry subcon-
tract. In partial payment on that contract,
Wheeler wrote a check to Eagle for $20,298.
Eagle promptly cashed the check at Vail
National in Aspen, where it had an account.
The record reveals that, prior to cashing the
check, Vail National called Wheeler's bank,
the First National Bank of Aspen, and was
told there were sufficient funds in Wheel-
er's account and that there was no stop
payment order on the check. At this time,
Eagle's checking account balance with Vail
National was negligible.

Two days later, Vail National presented
the check for payment to First National.

Because Wheeler had since put a stop payment order on the check, it was dishonored and returned unpaid to Vail National.

In November 1981, Vail National instituted this action against Wheeler for payment on the check, alleging that it was a holder in due course. Wheeler was granted two continuances which totaled approximately six months. Both pre-trial and a summary judgment hearing were held on June 23, 1982.

At that hearing, Wheeler appeared and moved for a further continuance claiming that it needed more time to locate former officers of Vail National. Wheeler claimed that these officers would submit affidavits stating that Vail National had not followed "good banking practices" when it cashed the check because Eagle was a short-term customer and had a negligible balance in its account at the time. The court found that whether good banking practices had been followed was irrelevant to the issue of Vail National's status as a holder in due course, and it granted summary judgment against Wheeler.

### I.

Wheeler contends on appeal that Vail National's motion for summary judgment was not supported by competent evidence. We disagree.

To establish that one is a holder in due course, one must show that the check was received:

"(a) For value; and

(b) In good faith; and

(c) Without notice that it is overdue or has been dishonored or of any defense against or any claim to it on the part of any person."

Section 4-3-302(1), C.R.S.1973.

Here, Vail National presented an affidavit by Jack Lofland, one of its officers. This affidavit avers that Lofland "is Vice President and Cashier of Vail National Bank ... and has personal knowledge of the facts set forth in this affidavit." It states that the Wheeler check was cashed by Vail National on August 26, 1981, and that, before cashing the check, Vail National called First National to determine whether there were sufficient funds in Wheeler's account and whether a stop payment order had been issued.

The affidavit states that the check was cashed; thus, the "for value" element is established. Also, because the affidavit contains the allegation that Vail National called First National to verify the sufficiency of Wheeler's funds and the lack of a stop payment order, it establishes that the check was taken without any notice that it was overdue, had been dishonored, or of any defense against or claim to it.

The only element which arguably is not addressed by the affidavit is the "good faith" element. However, "good faith" means honesty in fact relative to the transaction at issue, § 4-1-201(19), C.R.S.1973, and in the case of a bank cashing a check, if the bank establishes that the check was taken without notice of dishonor or of any other defense, this is sufficient to establish good faith as well. The following jurisdictions have adopted the above position in construing identical Uniform Commercial Code provisions. *Commerce Bank of University City v. EDCO Financial Services,* 379 F.Supp. 293 (E.D.Mo.1974), *aff'd,* 503 F.2d 1047 (8th Cir.1975); *Canal Insurance Co. v. First National Bank of Fort Smith,* 266 Ark. 1044, 596 S.W.2d 710 (Ark.App. 1979); *Bank of Costa Mesa v. Losack,* 74 Cal.App.3d 287, 141 Cal.Rptr. 550 (1977); *Serve v. First National Bank of Atlanta,* 143 Ga.App. 239, 237 S.E.2d 719 (1977); *Texico State Bank v. Hullinger,* 75 Ill. App.2d 212, 220 N.E.2d 248 (1966); *Suit & Wells Equipment Co., Inc. v. Citizens National Bank of Southern Maryland,* 263 Md. 133, 282 A.2d 109 (1971); *First National Bank of Trinity v. McKay,* 521 S.W.2d 661 (Tex.Civ.App.1975).

Defendant also contends that the check could not have been cashed in good faith because the bank officers knew, or should have known, that Eagle's account had a low balance at the time. However, the issue of good faith is unaffected by the fact that the payee's account is low or over-

drawn at the time a check is cashed. *Commerce Bank of University City v. EDCO Financial Services, supra; Suit & Wells Equipment Co., Inc. v. Citizens National Bank of Southern Maryland, supra.*

 Once Vail National set forth facts sufficient to establish that it was a holder in due course, Wheeler had the burden of demonstrating that a controversy existed with respect to those facts. *Meyer v. Schwartz,* 638 P.2d 821 (Colo.App.1981). Mere allegations or conclusions are insufficient to create a factual issue. *Mishek v. Stanton,* 200 Colo. 514, 616 P.2d 135 (1980). Thus, here, since Wheeler did no more than allege bad faith by Vail National, and since it did not demonstrate that a controversy existed as to the facts alleged by Vail National, summary judgment was proper.

## II.

Wheeler also argues that, had it been granted a further continuance at the June 23 hearing, it would have been able to produce affidavits which would have created a factual controversy. Although these affidavits might have created a factual controversy as to whether Vail National followed "good banking practices" when it cashed the check, this issue is irrelevant to whether Vail National was a holder in due course as a matter of law. *See* § 4–3–302, C.R.S.1973, and cases cited, *supra.* Moreover, Wheeler had already been granted two prior continuances during which it was unable to establish the existence of a factual controversy.

Judgment affirmed.

KELLY and TURSI, JJ., concur.