PEREGRINE HOMES, INC., and Donald Chad Goldy, Plaintiffs-Appellants,

v.

JEFFERSON BANK AND TRUST, Defendant-Appellee.

No. 84CA0371.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 24, 1985.

Certiorari Denied (Peregrine) Feb. 24, 1986.

Powers Professional Corp., William Powers, Littleton, for plaintiffs-appellants.

Norton & Miller, Dale E. Miller, Golden, for defendant-appellee.

BABCOCK, Judge.

Plaintiffs, Peregrine Homes, Inc., and Donald Chad Goldy, brought suit against defendant, Jefferson Bank and Trust (the Bank), for breach of a deposit contract. At the conclusion of trial, the jury returned a verdict for plaintiffs in the amount of $10,928.34 for checks improperly paid. Plaintiffs appeal the judgment, alleging that the trial court erred in excluding evidence of consequential damages. We affirm.

Plaintiffs' claims arose from a checking account maintained by Peregrine at the Bank. The Bank honored a series of checks bearing only the signature of Diane W. Dunkirk, secretary of Peregrine. After it became evident that much of this money had been misappropriated, Peregrine, and Goldy, who was personally liable on some of the debt created by the misappropriation, brought suit against the Bank alleging that the Bank had violated the deposit agreement by honoring checks bearing only Dunkirk's signature. Plaintiffs alleged that under the deposit agreement both Dunkirk's and Goldy's signatures were required on Peregrine checks. However, the signature card which listed Goldy's and Dunkirk's signatures did not specify that both signatures were necessary, and several checks had been negotiated which were signed by Goldy alone.

At trial, the court ruled that evidence of consequential damages would not be admitted until plaintiffs had established a *prima facie* case of bad faith on the part of the Bank. At the conclusion of the plaintiffs' case, the court directed a verdict on the issue of consequential damages, finding that plaintiffs had failed to meet this threshold requirement.

Plaintiffs contend that the trial court erred in its determination that they failed to establish a *prima facie* case of bad faith on the part of the Bank. We disagree.

Absent a showing of bad faith, § 4-4-103(5), C.R.S., limits the liability of a bank for improper payments against an account as a result of failure to exercise due care to "the amount of the item reduced by an amount which could not have been realized by the use of ordinary care." *See Isaac v. American Heritage Bank & Trust Co.,* 675 P.2d 742 (Colo.1984). If bad faith is shown to be present, the amount recoverable includes "other damages, if any, suffered by the party as a proximate consequence." Section 4-4-103(5), C.R.S.

A finding of bad faith cannot rest upon speculation, surmise, or conjecture, *Denver v. District Court,* 196 Colo. 134, 582 P.2d 678 (1978), and mere allegations or conclusions are insufficient to create a factual issue. *Vail National Bank v. J. Wheeler Construction Corp.,* 669 P.2d 1038 (Colo. App.1983).

█ Here, although the Bank has not appealed the judgment for improper payment, the absence of any documentary evidence that the parties agreed that two signatures were required for checks drawn on the account created a justiciable issue whether the payments at issue were improper. And, plaintiffs' sole allegations of bad faith concerned the Bank's failure to take steps to recredit the account after the misappropriation by Dunkirk was discovered. Negligence alone does not constitute bad faith. *Taylor v. Equitable Trust Co.,*

269 Md. 149, 304 A.2d 838 (1973). Accordingly, we conclude that "bad faith," as contemplated by § 4–4–103(5), C.R.S., involves actions in knowing or reckless disregard of the customer's contractual rights. As the Bank's alleged actions were at least arguably within the scope of the Bank's contractual rights, a *prima facie* case of bad faith was not established by plaintiffs' allegations.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.