35381. GUTHRIE *v.* BERRIEN PRODUCTS COMPANY.

Decided November 3, 1954.

*Elsie H. Griner, Robert M. Sumner,* for plaintiff in error.

*H. S. Jackson,* contra.

QUILLIAN, J. The only ground of the defendant's amended motion for a new trial complains of the admission in evidence of the invoices referred to in the foregoing statement of facts. The objection urged to these invoices was that they were not identified by the plaintiff's witness, George Jackson Moore. This does not really constitute a good objection to the documents' admission, for the reason that it did not raise the question as to whether their genuineness had been established by other evi-

dence. That a particular witness does not testify to a fact, the proof of which is necessary as the foundation for the admission of other evidence, would furnish no ground for objection to the species of evidence requiring such foundation, since other testimony of other witnesses might have supplied it.

But, had the objection been complete and sufficient to raise the question as to the admissibility of the invoices, they would have been admissible in evidence under the provisions of Code (Ann. Supp., 1954) § 38-711. That section reads: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not. This section shall be liberally interpreted and applied."

There was evidence, though very meager, from which the court could have determined that the entries were made in the regular course of business. In this connection, it is noted that these invoices were found in a ledger book which the witness kept for the plaintiff, and the defendant admitted signing the papers, though he further swore that the dates on the invoices were not correct.

Prior to the enactment of the Code section quoted (Ga. L. 1952, p. 177), there could be no question that the testimony of a witness who did not make entries and did not know them to be correct would not furnish sufficient foundation for the introduction of the entries in evidence. This section certainly opens a broad departure from the hitherto fixed rules of evidence relative to the introduction of books and papers.

The acknowledgment appearing on each of the invoices above

the signature of the defendant was some evidence that he admitted receiving the merchandise described in the invoice on the date of the same. The defendant did not deny that he signed these papers, dated as they were when they were introduced in evidence. He did not contend that the dates did not appear on the invoices at the time he signed them, or that they had been changed since that time. A fair analysis of his testimony is that he simply denied, in spite of his acknowledgments appearing on the invoices, that he had received any goods described in them. The evidence was in sharp conflict; the plaintiff's evidence, though meager and weak, was sufficient to carry the case to the jury, and we cannot hold that the verdict was without evidence to support it.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*