35880.  FERGUSON *et al. v.* ATLANTA NEWSPAPERS, INC.

CARLISLE, J.  1.  Where, in a suit upon a contract of guaranty, which the contract in the present suit has been construed to be (*Ferguson* v. *Atlanta Newspapers, Inc.*, 91 *Ga. App.* 115, 85 S. E. 2d 72), to collect the account of the principal debtor, guaranteed by the contract, the account is admitted in evidence, the principal debtor admits that he is indebted to the plaintiff on the account in the amount for which suit is brought and testifies that the value of his property of every nature, including money, had not at any time since the debt became due been equal in value to the amount of the debt, the principal debtor's insolvency is established, and these facts being uncontradicted, the necessity of showing a prior judgment against the principal debtor is obviated (*Arkansas Fuel Oil Co.* v. *Young*, 66 *Ga. App.* 33, 16 S. E. 2d 909; *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525, 526, 9 S. E. 2d 761; *Pharr* v. *Pharr*, 206 *Ga.* 354, 359, 57 S. E. 2d 177); and, nothing more appearing, the plaintiff would be entitled to recover the amount for which suit is brought against the guarantors. *Atlanta Journal* v. *Griggs*, 45 *Ga. App.* 807 (165 S. E. 921).

2. Where, in such a case as indicated above, the principal debtor testified that he was indebted to the plaintiff in the amount of the account and the account was introduced in evidence, the principal debtor's testimony was not objectionable on the ground that there was higher and better evidence of the indebtedness.

3. Where, in such a case as indicated above, the principal debtor testified that at the time the debt became due he owned no property or money whatsoever, and that he had owned no property in this State since that time, his testimony that the value of his property of every nature did not amount to the amount of the account is not objectionable as a conclusion.

4. In such a case as indicated above, the plaintiff's circulation accounts manager may testify that the amount of the account is that shown by the plaintiff's records although he cannot swear from his own knowledge that such is the case. While, under the provisions of Code (Ann.) § 38-711 (Ga. L. 1952, p. 177) lack of personal knowledge of the making of a business record on the part of a witness may be shown to affect its weight, such lack of personal knowledge shall not affect its admissibility.

5. A judgment overruling a motion for nonsuit is not such a judgment of which objection may be made in a motion for a new trial. *Dixie Manufacturing Co.* v. *Ricks*, 153 *Ga.* 364 (112 S. E. 370), and citations.

6. Where, in such a case as indicated, one of the guarantors defends upon the ground that he has been released from the contract of guaranty,

but there is no evidence introduced of any consideration for the release, the defense is not an issuable one. *Williams-Thompson Co.* v. *Williams,* 10 *Ga. App.* 251 (73 S. E. 409).

7. Where an offer of guaranty contemplates acceptance by the actual extension of credit, it is unnecessary for the creditor to notify the guarantors of its acceptance of the guaranty (*Sheffield* v. *Whitfield,* 6 *Ga. App.* 762, 65 S. E. 807); and, where, in such a case as indicated above, it appears that the offer of guaranty contemplated acceptance of the offer by the extension of credit, which also constituted the consideration, the creditor was under no duty to notify the offerees of its acceptance or to prove acceptance otherwise than by the extension of credit.

8. For the foregoing reasons, and there being no issues of fact for determination by the jury, the trial court did not err in directing a verdict for the plaintiff, or in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided January 20, 1956—Rehearing denied March 16, 1956.

*Wm. B. Jones,* for plaintiff in error.
*Claude E. Hambrick, Jr.,* contra.