36816.   ALLSTATE INSURANCE COMPANY *v.* BUCK *et al.*

Decided September 17, 1957.

*Young & Hollis*, for plaintiff in error.

*J. Robert Elliott, Swinson, Elliott & Schloth, Harry Dicus,* contra.

TOWNSEND, J. The documentary evidence, if admissible, becomes so by virtue of Code (Ann.) § 38-711 as follows: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. . . This section shall be liberally interpreted and applied." Under this section invoices were held admissible in *Guthrie* v. *Berrien Products Co.*, 91 *Ga. App.* 45 (84 S. E. 2d 596), delivery slips in *Saye* v. *Athens Lumber Co.*, 94 *Ga. App.* 118 (93 S. E. 2d 806), and circulation accounts in *Ferguson* v. *Atlanta Newspapers, Inc.*, 93 *Ga. App.* 622 (92 S. E. 2d 321), although no person testified to their origin or authenticity other than that they were records kept in the usual course of business. In the *Ferguson* case it was stated (headnote 4) that while "lack of personal knowledge of the making of a business record on the part of a witness may be shown to affect its weight, such lack of personal knowledge shall not affect its admissibility."

That the copy of cancellation notice and the mailing list were business records of the garnishee is, under the evidence, indisputable. A list of addresses of cancellation notices on like forms provided by the United States Post Office was held admissible in evidence in Dias *v.* Farm Bureau Mutual Fire Ins. Co. of Columbus, Ohio, 155 Fed. 2d 788 under the provisions of 28 U.S.C.A. § 1732, which is very similar in wording to Code (Ann.) § 38-711. The contention of the plaintiff in garnishment that the list is inadmissible because it is in the form of a receipt from the Post Office Department to Allstate Insurance Company would be tenable only if the list was made by the Post Office employees (none of whom testified) but since the evidence shows that the list in fact was made by the employees of Allstate Insurance Company in the regular course of its business, that

it was the regular course of its business to make such record, and that it came from the files of the defendant where such records were kept, it is such a business record as should be admitted in evidence under Code (Ann.) § 38-711. When in evidence, the weight and credit to be given to it, including the circumstances surrounding the making of the record and the lack of personal knowledge on the part of the persons responsible therefor, are matters for the consideration of the jury. Should the jury find from this and other evidence that the defendant had carried the burden of proving that it actually did mail to the named insured, at the address stated on the insurance policy, a written notice of cancellation to be effective not less than ten days thereafter, then, under this provision of the insurance policy above quoted, the jury would find that the cancellation became effective regardless of whether or not the notice was actually received by the insured, for the reason that such a provision in a contract is lawful and must be given effect according to its terms. *Genone v. Citizens Ins. Co. of New Jersey*, 207 *Ga*. 83 (60 S. E. 2d 125). However, direct evidence that a letter was never received is also admissible as a circumstance to show that it was never mailed. Should these circumstances pointing in opposite direction be in evidence, the question of whether or not the letter of cancellation was mailed is one for determination by the jury.

It was accordingly error to refuse to admit the documentary evidence.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*