39014. McELROY *et al.* v. WILLIAMS BROTHERS MOTORS, INC.

DECIDED SEPTEMBER 26, 1961.

436

*Noah J. Stone, Hugh W. Stone,* for plaintiffs in error.

*Jack Turoff, Rogers & Turoff,* contra.

EBERHARDT, Judge. In a trover action, it is well settled that the issue is one of title (*Tidwell v. Bush,* 59 Ga. App. 471, 1 SE2d 457) and numerous other cases, and that the plaintiff must show either title in himself at the time of the suit, prior possession or the right of possession. *Southern Ry. Co. v. Strozier & Waters,* 10 Ga. App. 157 (1) (73 SE 42).

The defendant urges his amended motion for new trial on the general grounds for two reasons, viz. (1) that the plaintiff never proved title in itself because while the automobile is described in the petition and the affidavit to obtain bail as having

"*Motor No.* 6F6004069," the proof produced by plaintiff related to an automobile with "*Identification No.* 6F6004069," and (2) that the defendants were bona fide purchasers for value without notice because a "Retail Installment Contract" held by plaintiff was not recorded. These theories necessarily enter into a consideration of the two special grounds of the amended motion and the special grounds will be considered first.

(1) Plaintiff offered several documents to prove its title. Exhibits 1 and 2 were a check and voucher for the purchase of six automobiles. The voucher, Exhibit 2, shows one of the cars purchased to have been a "1959 Buick 2 Dr. H/T 6E6004069" (Emphasis added). Exhibit 3 was a Florida Motor Vehicle Registration and accompanying papers including a power of attorney signed by the registered owner to transfer the registration, a "Motor Vehicle Certificate of Title" showing a first lien, a satisfaction of the first lien, and a "Transfer of Title" to plaintiff of a 1959 Buick with "Identification No. 6F6004069." This exhibit was admitted into evidence without objection.

However, defendants did object to the introduction of Exhibit 2, the voucher, on the ground that the "car described in the trover suit is not described in" Exhibit 2. This is special ground 2 of the amended motion for new trial.

A judge trying a case alone is not held to the strict rules as to the admission of evidence, and, presumptively able to "sift the wheat from the chaff," his judgment will not be reversed where there is any legal evidence to support the finding. *Ward v. State,* 26 Ga. App. 61 (105 SE 373); *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60); *Loftis v. Allen Plumbing Co.,* 57 Ga. App. 847, 849 (197 SE 45); *Camp v. Mapp,* 95 Ga. App. 262, 263 (97 SE2d 623); *Burton v. Campbell Coal Co.,* 95 Ga. App. 338, 340 (97 SE2d 924); *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576, 577 (103 SE2d 583); *American Cas. Co. v. State Farm Mut. Auto. Ins. Co.,* 104 Ga. App. 337. Assuming *arguendo* that Exhibit 2 was inadmissible for the reason given, the contents of Exhibit 3 as outlined above were sufficient proof of the plaintiff's title.

Furthermore, the evidence revealed that the practice in Florida was to refer to the serial number rather than the motor number

as the "identification number" and that the motor number as set out in the petition really referred to the "identification number" or serial number of the Buick in question. This evidence and Exhibit 3 were admitted without objection. In the recent case of *Harvey v. DeWeill,* 102 Ga. App. 394, 405 (116 SE2d 747) it was said by Judge Bell that "where evidence is admitted without objection, which supports in fact the same cause of action, although it might have been excluded on objection, such evidence will be sufficient to authorize a recovery if, under the facts of the case, the petition by amendment could have been made to conform to the proof offered so as to render such testimony relevant." And see the numerous cases cited therein.

In addition, one of the defendants responded in the affirmative to a question on cross-examination "Did you not, on June 12, 1959, come into possession of the Buick described in this bail trover?" The defendants thereby admitted not only possession but that the "identification" number and the motor number were being used interchangeably to identify the vehicle on the trial.

The petition might have been amended to substitute the word "identification" for the word "motor" in its description of the vehicle, and since the evidence above referred to was admitted without objection or as an admission of the defendant, it will be treated as if it had been so amended. Further, it seems inescapable that all of the testimony adduced upon the trial related to one and the same 1959 Buick automobile. Thus there was no merit in special ground 2 of the amended motion for new trial.

(2) Special ground 1 of the amended motion for new trial specifies as error the admitting of plaintiff's Exhibit 5 into evidence over the objection that the defendants were "a purchaser without notice for value and this contract is not recorded."

Exhibit 5 is a "Retail Installment Contract" describing the details of the transaction between the plaintiff and the person who represented himself as Marvin D. Cowles and signed "M.D. Cowles." No signature on behalf of the plaintiff appears on the contract. The plaintiff admitted that the contract was not recorded anywhere.

The plaintiff introduced the following Florida law into evidence: "Any person who, with intent to deprive or defraud the true owner of his property or the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person; (a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, or of any false token or writing; . . . steals such property, and is guilty of larceny." Fla. Stat. Ann. § 811.021. Compare *Code* §§ 26-2602, 26-2603.

Under the view we take of the case, it was immaterial that the contract had not been recorded because (1) the person who executed it was not "M. D. Cowles" and the signature was a forgery: (2) it was not a completed contract as it had not been signed on behalf of the plaintiff, and (3) under the Florida statute quoted above the person who signed "M.D. Cowles" to the contract was guilty of larceny. A thief can convey no greater title than he has, which is none. *Code* § 96-111; *Barrett v. Miller,* 36 *Ga. App.* 48 (1) (135 SE 111). And see *Wyatt v. Singley,* 103 Ga. App. 182 (118 SE2d 841) for an illustration of this principle in a factual situation similar to the one presented by this record. The fact that the defendants were bona fide purchasers for value without notice of the plaintiff's claim is irrelevant in the factual situation here.

The admission of plaintiff's Exhibit 5 was proper on the basis that it explained the conditions under which the plaintiff parted with the possession of the Buick. Therefore, there was no error presented by special ground 1.

(3) Defendants' two-fold contention as to why the motion for new trial should have been granted on the general grounds necessarily fails in the light of the rulings in the above two sections of the opinion. It was not error to overrule the motion for new trial on the general grounds.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*