40752. NELLIGER v. ATLANTA BAGGAGE & CAB COMPANY.

DECIDED JUNE 19, 1964.

864

*Paul C. Myers,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, Robert R. Richardson,* contra.

EBERHARDT, Judge. ■ The applicable standard of care is provided in *Code* § 12-403: "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safekeeping and return of the automobile." After proof of his loss by the bailor, the burden of showing ordinary care or proper diligence is on the bailee. *Code* § 12-104.

Thus the key question in this case is whether, considering all the circumstances, the bailee exercised ordinary care in turning the car over to LeBouf when he presented the claim check. This question was one for the trior of facts, as such questions usually are. *Loeb v. Whitton,* 77 Ga. App. 753, 755 (3) (49 SE2d 785).

The finding for the defendant was authorized. This ruling controls the direct exception to the finding for the defendant as to the car, the plaintiff's general demurrers to the answer, and special demurrers to the amended answer numbers 2 and 3. The granting of the nonsuit as to the personal property, if error, was harmless since plaintiff was certainly in no better position to recover for this than he was to recover for the car.

■(a)   A number of special demurrers to the amended answer (7, 8, 9) attack an allegation that the loss was not due to defendant's lack of ordinary care but rather was "due to plaintiff's own negligence in failing to keep in his possession and to present the claim check.  . ."  The discussion above should make it clear that the standard is the parking lot operator's ordinary care rather than the plaintiff's "contributory negligence."  However, it is certainly true that the operator's exercise of ordinary care must be evaluated in the light of the plaintiff's conduct. Therefore, since the defendant could have and did go into this "negligence" under other portions of the answer, alleging its proper diligence, the overruling of the special demurrers was harmless. *Sheraton Whitehall Corp. v. McConnell*, 88 Ga. App. 725, 731 (77 SE2d 752).

(b)   Also harmless was the overruling of special demurrers calling for the names of the person who claimed the car and the cashier who accepted the claim check. *First Nat. Bank of Chattanooga v. American Sugar Refining Co.*, 120 Ga. 717 (1) (48 SE 326); *Lam Amusement Co. v. Waddell*, 105 Ga. App. 1, 4 (123 SE2d 310); *Studdard v. Evans*, 108 Ga. App. 819, 825 (135 SE2d 60). The information could have been obtained more effectively by discovery, as is pointed out in *Reynolds v. Reynolds*, 217 Ga. 234, 246-247 (123 SE2d 115). No claim of surprise was made, nor was it shown that the demurrant was less able to proceed with the trial of his case either because of lack of the information before the trial began or because of the information itself when it came out upon the trial.

■   The final assignment of error is on the admission over objection of testimony to the effect that plaintiff had let other persons drive his car from the parking lot on other occasions. Initially, we doubt that we can consider this point because a

■

motion for new trial has not been made and the ruling of the court admitting the evidence is not "necessarily controlling." *Code* § 6-804; see Ga. Procedure and Practice, 604, § 23-34. But, even if the assignment of error is reviewable, the admission of the evidence would not require a new trial because the case was heard by the judge without a jury and he presumptively considered only the relevant and competent evidence. *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d 917) and citations.

There was no reversible error in the lower court.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*