## 44521. SEABOARD COAST LINE RAILROAD COMPANY v. HART.

HALL, Judge. The plaintiff freight carrier brought an action for indebtedness allegedly due by the defendant shipper on account of undercharges on interstate shipments of watermelons. The carrier appeals from a judgment for the shipper enumerating as error the overruling of its motions for directed verdict and for a judgment notwithstanding the verdict or a new trial, on the ground that the evidence demanded a verdict in favor of the plaintiff.

The following facts were in evidence: The carrier's shipping order stated 70,000 pounds as the "weight (subject to correction)" of each shipment. The shipments were not weighed

by the carrier. The carrier billed for the minimum rate of 70,000 per shipment under Southern Freight Tariff Bureau, Freight Tariff 913-F. The shipments were collect and the charges were paid by the consignee. The carrier two years later billed the shipper for charges for additional weights based on the shipper's records—Shipping Point Inspection Reports, telegrams by which the shipper notified the consignee of weights and prices of shipments, and weight tickets showing weighings by packers. Testifying at the trial the shipper admitted the shipments for which there were weight tickets weighed more than 70,000 pounds and stated that he did not contest the accuracy of the scales. The shipper testified that the weights (in excess of 70,000 pounds) shown on its inspection reports were based on estimates of the weight of an average melon and the numbers of melons shipped, and that it was customary when shipping to terminal markets like Boston, where these shipments were consigned, to overestimate because the dealers would demand adjustments.

The carrier has a right to collect from the shipper the difference between the rate collected and the rate which, under the applicable tariff schedule, should have been collected. Louisville & Nashville R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 67 (44 SC 441, 68 LE 900); Southern Cotton Oil Co. v. Southern R. Co., 147 Ga. 646 (95 SE 251); Western & A. R. Co. v. Legg, 32 Ga. App. 368 (123 SE 31). The issue in this case in whether the evidence including the shipper's business records demanded a finding that all or part of the carrier's additional weight charges were correct.

The carrier, relying on Standard Acc. Ins. Co. v. Ingalls Iron Works, 109 Ga. App. 574 (136 SE2d 505), contends that the documentary evidence established the weights and charges prima facie and the shipper's evidence was insufficient to carry the burden to refute this prima facie case. The case cited held that the burden was on the opposing party to overcome a prima facie case with some evidence. The shipper did present some evidence in the present case on the issue of fact—the weight of the shipments. The weight and credit to be given business records and the circumstances surrounding the making of the records are matters for the consideration of the jury. Ga. L. 1952, p. 177; Code Ann. § 38-711; Allstate Ins. Co. v. Buck, 96 Ga. App. 376 (100 SE2d 142).

494

Therefore, the evidence did not demand a verdict for the full amount sued for. See *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393) ; *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) ; *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657) ; *Williams v. Melton,* 120 Ga. App. 466. In view of the shipper's admissions, however, a verdict of $312.88 for undercharges on the shipments on which weight tickets were introduced was demanded. For this reason the judgment is reversed.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*

ARGUED JUNE 4, 1969—DECIDED OCTOBER 16, 1969.

*Alexander, Vann & Lilly, William U. Norwood, III,* for appellant.