### 45671. DOWLING v. JONES-LOGAN COMPANY, INC.

QUILLIAN, Judge. Jones-Logan Company, Inc. brought suit against Juliet Dowling in the Civil Court of Fulton County to recover the sum of $6,705.31 for payment of insurance premiums on policies written by the plaintiff on properties belonging to the defendant. The case came on for trial before a judge sitting without the intervention of the jury. At the close of the trial the judge rendered judgment for the plaintiff and upon his ruling the defendant filed a motion for a new trial which was denied. Appeal was taken from the final judgment.

From the record the following pertinent facts appear. The defendant is a licensed agent to sell insurance; the plaintiff is a corporation engaged in the business of placing contracts with insurance companies. During a period from December 1965 to March 1968, the defendant placed insurance with the plaintiff, both in an agency capacity and for her own property.

Under the agreement between the defendant and the plaintiff, the plaintiff was to pay the defendant a percentage of the premium on all policies which the defendant placed with it. The plaintiff seeks to recover the amount allegedly owed by the defendant for insurance purchased on her property after deducting the sum of $936 due the defendant as her commission on insurance contracts purchased for her by others.

The sole issue presented on this appeal concerns the admissibility of four exhibits offered over the objection of the defendant. Exhibit 1 consisted of 16 pages of ledger sheets and business entries entered thereon from the plaintiff's records and also included recapitulations or summaries showing the defendant's indebtedness by property locations. Exhibits 2 and 3 contained copies of the original insurance policies issued with respect to the various property locations. The parties stipulated that Exhibit 4 would be controlled by the ruling made with regard to Exhibits 1, 2 and 3.

During the trial of the case when the four exhibits were offered into evidence, counsel for the defendant made the following objections: (1) that *Code Ann.* § 38-711 (Ga. L. 1952, p. 177) did not repeal *Code* § 38-310 and that under the requirements of

*Code* § 38-310, the records were inadmissible; (2) even if *Code Ann.* § 38-711 was applicable, the records do not qualify because they are mere recapitulations of some previously existing records about which the person making the summary had no personal knowledge; (3) the records were not made within a reasonable time after the transaction and there is no showing that the person who had personal knowledge of them is unavailable for testimony. *Held:*

1. We deal with the grounds of objections in the order listed above. *Code Ann.* § 38-711 does not refer to *Code* § 38-310, although it does repeal all laws and parts of laws which are in conflict or inconsistent with the provisions of the Act. It is so well settled as to admit of no doubt that repeal by implication of statutes is not favored in Georgia. See *Collier v. Mitchell,* 207 Ga. 528 (63 SE2d 338). Nevertheless, as held in *Leonard v. State of Ga.,* 204 Ga. 465 (2) (50 SE2d 212): "Where a later or revising statute clearly covers the whole subject-matter of an antecedent Act, and it plainly appears to have been the purpose of the legislature to give expression in it to the whole law on the subject, the antecedent Act is repealed by necessary implication."

Here, as in the *Leonard* case, it seems evident that *Code Ann.* § 38-711 was intended to pre-empt the field with regard to admission of business records and that its requirements are exclusive in this regard. See *Guthrie v. Berrien Products Co.,* 91 Ga. App. 45, 48 (84 SE2d 596). Thus, *Code Ann.* § 38-711 is controlling here and any provisions in *Code* § 38-310 which are conflicting must yield to *Code Ann.* § 38-711.

2. In making objection to the exhibits, counsel did not specify what portions thereof were "merely recapitulations of some previously existing records." The ledgers which were contained in the exhibits were clearly not subject to the objection urged. Where an objection is made to evidence in its entirety and a portion thereof is not subject to the objection made, it is not error for the trial judge to admit the evidence. *Kilgore v. Nat. Life &c. Ins. Co.,* 110 Ga. App. 280, 282 (138 SE2d 397). See *Stubbs v. Daughtry,* 115 Ga. App. 22, 24 (153 SE2d 633); *Fricker v. Americus Mfg. &c. Co.,* 124 Ga. 165 (9) (52 SE 65).

3. Although argument is made in the defendant's brief with regard to the failure of the plaintiff to show that the records offered were made in the regular course of business, this was not a ground of objection raised in the trial court and will not be considered on appeal. *Fried v. Richard,* 119 Ga. App. 667 (3) (168 SE2d 339). See *Guthrie v. Luke,* 98 Ga. App. 88 (104 SE2d 921); *Pittman v. Pittman,* 196 Ga. 397, 410 (26 SE2d 764); *Anderson v. Jarriel,* 224 Ga. 495, 496 (162 SE2d 322).

As to the ground that there was no personal knowledge of the records, this contention was decided adversely to the defendant's contention in *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142). See *Ferguson v. Atlanta Newspapers, Inc.,* 93 Ga. App. 622 (4) (92 SE2d 321); *Robinson v. Reward Ceramic &c. Mfg.,* 120 Ga. App. 380, 384 (170 SE2d 724). See also discussion in 32 CJS 902, Evidence, § 682 (3).

The purpose of *Code Ann.* § 38-711 is to allow the determination of records without the necessity of producing all the various clerical personnel who made the entries. See Green, Ga. Law of Evidence, p. 624, § 315; 32 CJS 902, Evidence, § 682 (3); 30 AmJur2d 49, Evidence, § 930.

We also point out that since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding. *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d 917). See *Nelliger v. Atlanta Baggage &c. Co.,* 109 Ga. App. 863, 866 (137 SE2d 566); *Bailey v. Holmes,* 163 Ga. 272 (136 SE 60).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 24, 1971.

*Sutherland, Asbill & Brennan, Robert L. Brown,* for appellant.
*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., C. Wilbur Warner, Jr.,* for appellee.