### 46546.   ROBERTS v. ARTISTIC ORNAMENTAL IRON COMPANY INC.

JORDAN, Presiding Judge. Artistic Ornamental Iron Company, Inc., commenced this action against Tigner and Ruggles on an open account for materials supplied for the construction of a dwelling. Tigner defaulted, and after the death of Ruggles his executor was substituted as a party defendant. The trial judge, without a jury, found for the plaintiff, and the executor appeals from the overruling of his motion for a new trial. *Held:*

1. The order overruling demurrers on November 9, 1967, is viewed in the light of the requirements for notice pleading under the CPA which became effective on September 1, 1967. See CPA § 86, as amended; *Code Ann.* § 81A-186. The petition was legally sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted with respect to the complaining party.

2. There being testimony that the records of the account were made in the regular course of business, and from which the trial judge could infer that it was the regular course of busi-

ness to make such records at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, the records were admissible as business records in proof of the account as claimed. Ga. L. 1952, p. 177; *Code Ann.* § 38-711. See *Guthrie v. Berrien Products Co.,* 91 Ga. App. 45 (84 SE2d 596); *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142). Such records are admissible against a deceased debtor. *F. & W. Farm Service v. C. & S. Nat. Bank,* 116 Ga. App. 757 (1) (159 SE2d 190).

3. The defendant Tigner was not an "opposite party" in respect to the deceased defendant under subsection 2, *Code* § 38-1603, and, having already subjected himself to judgment for the full amount of the claim, his testimony regarding his transactions and communications with the deceased defendant is not such as "would tend to relieve or modify the liability of the party offered as a witness and tend to make the estate of said . . . deceased party primarily liable for the debt" under subsection 7, *Code* § 38-1603. *Lee v. Holman,* 184 Ga. 694 (193 SE 68); *Sanders, Swann & Co. v. Allen,* 124 Ga. 684 (52 SE 884).

4. The evidence of the account due in the names of both of the original defendants, as disclosed by the business records of the plaintiff, would authorize a judgment against the estate of Ruggles, despite other evidence which would authorize, but in our opinion did not demand, a determination that Tigner alone was liable.

Tigner ordered the materials which the account covers, which were invoiced to him and delivered to the site where Tigner was engaged in erecting a dwelling, and upon inquiry by a representative of the plaintiff, directed the representative to Ruggles to obtain payment, after which the ledger account was set up by the plaintiff as an account in both names.

The general nature of the relationship between Tigner and Ruggles is shown by a series of documents, the authenticity of which is unquestioned. These documents include a warranty deed conveying a lot from Ruggles to Tigner, a security deed from Tigner to Ruggles as security for a note for $23,500, and a contract between Tigner, as the owner-contractor, and Ruggles, as the lender, all bearing the same date. Under this con-

tract Tigner agreed to construct a building on the lot in consideration of a sum not to exceed $23,500, which Ruggles would disburse as work progressed, upon presentation of invoices for materials, etc., which are to be billed to the address of the property. This agreement also includes provisions to protect and limit the liability of Ruggles, provisions for liquidated damages for delay in completion, and the further provision that "all profit over and above the sum of $23,500 shall be divided equally between the parties."

Even if the arrangement is construed as not being a partnership as to third persons (see *Code* § 75-102) this would merely eliminate one theory of recovery, but not necessarily one based on an open account in the name of two debtors, for which either or both were ostensibly liable.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 29, 1971.

*Saul Blau,* for appellant.
*Fred W. Minter,* for appellee.