46645. TIMOTHY McCARTHY CONSTRUCTION COMPANY v. SOUTHERN DETECTIVES, INC.

QUILLIAN, Judge. The appellee filed a claim on an open account against the appellant which was tried in the Civil Court of Fulton County without the intervention of a

jury. The appellee received a verdict and the appellant appealed.

The appellant's main contention is that certain business records of the appellee should not have been admitted in evidence because the test for the admission of records made in the regular course of business as prescribed by *Code Ann.* § 38-711 (Ga. L. 1952, p. 177) had not been met. The appellant argues that because the witness did not have personal knowledge of the correctness of the records they should not have been admitted. This court held to the contrary in *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380 (3) (181 SE2d 75): "As to the ground that there was no personal knowledge of the records, this contention was decided adversely to the defendant's contention in *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142). See *Ferguson v. Atlanta Newspapers, Inc.,* 93 Ga. App. 622 (4) (92 SE2d 321); *Robinson v. Reward Ceramic &c. Mfg.,* 120 Ga. App. 380, 384 (170 SE2d 724). See also discussion in 32 CJS 902, Evidence, § 682 (3). The purpose of *Code Ann.* § 38-711 is to allow the determination of records without the necessity of producing all the various clerical personnel who made the entries. See Green, Ga. Law of Evidence, p. 624, § 315; 32 CJS 902, Evidence, § 682 (3); 30 AmJur2d 49, Evidence, § 930. We also point out that since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding. *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d 917). See *Nelliger v. Atlanta Baggage &c. Co.,* 109 Ga. App. 863, 866 (137 SE2d 566); *Bailey v. Holmes,* 163 Ga. 272 (136 SE 60)."

The evidence was sufficient to support the verdict.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED OCTOBER 6, 1971—DECIDED NOVEMBER 22, 1971—

REHEARING DENIED DECEMBER 14, 1971.

*Peek, Whaley & Haldi, J. Corbett Peek, Jr., R. Joseph Costanzo, Jr.,* for appellant.