## 47369.  SEABOARD COAST LINE RAILROAD COMPANY v. SMALLEY.

STOLZ, Judge. The defendant appeals from a judgment for the plaintiff in this Federal Employer's Liability Act action and assigns as error two rulings of the trial court on the admissibility of evidence.

1. The first assignment of error is on the trial court's excluding defendant's Exhibit 6, a certified copy of the emergency record, University Hospital, relating to the plaintiff's treatment.

The exhibit was offered initially under the business records statute (*Code Ann.* § 38-711) as part of the testimony of the Chief Medical Record Librarian of University Hospital, and was objected to by the plaintiff on the ground that it contained a medical diagnosis of injury by a physician who was not present to testify and also contained a statement showing the place of the plaintiff's injury as a washroom. (The plaintiff contended the injury occurred when he stepped off one of the defendant's engines and fell on the roadbed.) The plaintiff objected to the medical diagnosis under *Knudsen v. Duffee-Freeman,* 95 Ga. App. 872 (99 SE2d 370), and the statement showing the place of injury, on the ground that it had not been shown that

the plaintiff had given the information showing the place of injury. At this point the exhibit was withdrawn. Subsequently, the defendant called as its witness the head nurse in the hospital's emergency room, who identified defendant's Exhibit 6 as the emergency room record that is filled out on all patients who present themselves for treatment, and testified that she made the entries thereon. On direct examination, she further testified that she obtained the information from the patient. On cross examination, she stated that she did not have an independent recollection of this particular patient; that she did not recognize the patient; that sometimes another person supplies the information; that she did not know if that occurred on this occasion; that she took such information from many patients; that the information came from the patient except in very unusual situations and that in this instance the patient was able to give the information. The exhibit was again tendered in evidence by the defendant and objected to by the plaintiff on the ground that the witness (nurse) who made the entries, did not know where she got the information to put on the document. It thus appears that the plaintiff waived his objection to the medical diagnosis that appears on the exhibit and hence the decisions in *Knudsen v. Duffeee Freeman*, 95 Ga. App. 872, supra, and *Cassano v. Pilgreen's, Inc.*, 117 Ga. App. 260 (2) (160 SE2d 439), are inapplicable.

The plaintiff's argument, that the exhibit should be excluded because of the witness's lack of ability to identify the plaintiff as the person giving the information, is unmeritorious. *Code Ann.* § 38-711 specifically provides, "All other circumstances of the making of such writing or record, *including lack of personal knowledge by the entrant or maker,* may be shown to affect its weight, but they shall not affect its admissibility." (Emphasis supplied.) This has been held to apply to invoices (*Guthrie v. Berrien Products Co.,* 91 Ga. App. 45 (84 SE2d 596).); delivery slips (*Saye v. Athens Lumber Co.,* 94 Ga. App.

118 (93 SE2d 806)); circulation accounts (*Ferguson v. Atlanta Newspapers,* 93 Ga. App. 622 (92 SE2d 321)); a "P.O.R.S. list" kept by an insurance company (*Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142)); manufacturer's statement of origin to a motor vehicle (*Childs v. Logan Motor Co.,* 103 Ga. App. 633, 634 (120 SE2d 138)); insurance policy endorsement (*Ins. Co. of St. Louis v. Bray,* 105 Ga. App. 675 (2) (125 SE2d 691)); weights of goods shipped (*Seaboard C. L. R. Co. v. Hart,* 120 Ga. App. 492, 493 (171 SE2d 383)); records of account of deceased creditor (*Roberts v. Artistic Ornamental Iron Co.,* 124 Ga. App. 744 (2) (186 SE2d 143)); although the entrant or maker did not have personal knowledge of the accuracy of the entry. Here, moreover, the witness testified that she took the information from the plaintiff. The fact that she could not identify the plaintiff at the trial goes to the weight of the evidence, not its admissibility. Further, the hospital record was not offered as proof of the facts stated therein, but for the purpose of impeachment, and for that purpose it was admissible. *McDaniel v. Gangarosa,* 126 Ga. App. 666 (191 SE2d 578). Hearsay evidence is admissible for impeachment, though inadmissible for other purposes. *McKinney v. Pitts,* 109 Ga. App. 866 (3) (137 SE2d 571); *Stubbs v. Daughtry,* 115 Ga. App. 22, 24 (2) (153 SE2d 633); *Sheffield v. State,* 124 Ga. App. 295 (2) (183 SE2d 525). It may be done by introducing a prior written contradictory statement which a witness admits having made to an insurance company. *Sweet v. Awtrey,* 70 Ga. App. 334 (2) (28 SE2d 154).

If the record were offered in proof of the facts stated in it a valid objection might well have been raised as to portions in which opinions, etc. were expressed. But that is not the case. The trial court erroneously excluded defendant's Exhibit 6 from evidence.

2. The trial court did not err as the defendant contends, in allowing the plaintiff's witness to testify as a rebuttal witness as to the condition of the defendant's railroad yard generally. The record discloses that the defendant's

witness, Price, in response to a prior question, "What was the condition of this area at the time of this occurrence?" had responded, "I did not see anything unusual in the area, or anything abnormal. As explained earlier, ballast is required in railroading and certainly you will find some small pieces around any track. This was not excessive in this area and it was—the area was in good clean condition, *far better than average.*" (Emphasis supplied.) Although this answer was ambiguous, it was subject to the construction by the jury that the witness was referring to average conditions of the defendant's specific railroad yard generally.

*Judgment reversed. Bell, C. J., Hall P. J., Eberhardt, P. J., Deen and Clark, JJ., concur. Pannell, Quillian and Evans, JJ., dissent.*

ARGUED SEPTEMBER 5, 1972—DECIDED NOVEMBER 10, 1972— REHEARING DENIED NOVEMBER 30, 1972—

*Cumming, Nixon, Yow, Waller & Capers, John D. Capers, John B. Long,* for appellant.

*T. J. Lewis, Jr., Lewis, Lewis, Spearman & Bynum,* for appellee.

EVANS, Judge, dissenting. The majority opinion reverses the trial judge and grants a new trial in this damage suit on the sole ground that error was committed in the refusal to admit in evidence a certain document, which purported to be a writing containing information given by the plaintiff to the hospital authorities at the time he entered same. Plaintiff contended he was injured on the right-of-way of the railroad, and the railroad sought to impeach him by showing that he had stated to the hospital authority that he was injured in the washroom.

On cross examination, the witness who purportedly took the written statement testified that she had no independent recollection of this particular transaction, except for remembering her own handwriting; that she could not recognize the patient in the courtroom; that sometimes the per-

son who brings in the patient supplies the information that goes into the hospital records; that she could not remember whether that happened this time or not; it could have (Tr. pp. 142-144). It is important here to note that the plaintiff, Smalley, denied making any statement to the hospital authorities (Tr. 49). He testified that, "Mr. Hale may have taken care of that."

The case sub judice is on all fours with *Cheek v. State,* 118 Ga. App. 385 (3) (163 SE2d 856) in which this court affirmed the trial judge in refusing to admit in evidence a written record made by an investigating officer, offered as a business record, for the purpose of impeaching a witness. This court states: "But the officer testified that he did not remember who made it. Since the reported statement to the investigating officer was not identified as having been made by a particular person, it was not admissible to impeach any witness."

The majority opinion contends that under *Code Ann.* § 38-711 and numerous decisions by this court *"lack of personal knowledge by entrant or maker* may be shown to affect its weight, but they shall not affect its admissibility." The majority opinion then cites eight cases of this court, but not one is in point. None deals with the question of seeking to *impeach a witness* by introduction of a writing which contains information, impeaching in character, without introduction of evidence that the witness supplied the impeaching information.

Further, the record is silent as to appellant's having laid the proper foundation for offering impeaching evidence. *Code* § 38-1803 provides for the impeachment of a witness by proof of prior contradictory statements, but certain preliminary requirements are made essential ingredients of such impeaching effort. Without same, no error can be shown by the losing party in the lower court. *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (9) (5 SE2d 214); *Johnson v. Roberson,* 88 Ga. App. 548 (7) (77 SE2d 232). The transcript shows at p. 49 that the railroad's counsel started into this question with plaintiff Smalley, but Smalley denied giving

any such information, and counsel let it rest without laying the required foundation.

In addition, the excluded writing could not have damaged the railroad in its contention that it would impeach the plaintiff as to whether he was injured on the railroad's right of way or in the washroom. The railroad's switchman, Roy Gardin, who was on duty at the time, testified that the injury occurred on the railroad's right of way (Tr. pp. 7-17). Claude M. Hale, its terminal trainmaster, on duty at the time, introduced as a witness by the railroad, also so testified (Tr. pp. 97-100).

This case was tried by a jury; the verdict of that jury has the approval of the trial judge; and I would affirm the lower court in refusing to grant defendant's motion for new trial.

I am authorized to state that Judges Pannell and Quillian concur in this dissent.