## 50012. HURST v. JACKSON.

EVANS, Judge.

Robert Lee Jackson performed certain bulldozer work for Joe Hurst. Jackson died. His widow and minor children contended that the work had not been fully paid for, and this claim against Hurst was set aside to them as a part of a year's support proceeding. Suit was filed against Hurst for $1,877.50.

The record shows that Hurst admitted that Jackson had done bulldozer work for him, but contended he had paid in full for all such services.

A pretrial order was signed by the court, and approved by counsel for both plaintiff and defendant, stipulating that the only issue was whether or not defendant had paid for the work and services. Verdict and judgment were rendered in favor of plaintiff for $1,877.50,

and defendant appeals. *Held:*

1. Books of account composed of pocket memoranda (farmers pocket notebooks) were introduced by plaintiff as her husband's records, in his handwriting and used in his regular course of business. Oftentimes at night, after working for Hurst, her husband was observed making entries in these books. They showed several notations of an unpaid account of Hurst. These were allowed in evidence under Code Ann. § 38-711, over objection. These books were properly held admissible. All circumstances as to the making of the entries may be shown to affect the weight of such evidence, but not its admissibility. *Roberts v. Artistic Ornamental Iron Co.*, 124 Ga. App. 744 (2) (186 SE2d 143); *Seaboard C. L. R. Co. v. Smalley,* 127 Ga. App. 652 (1) (194 SE2d 612). The court did not err in allowing these exhibits in evidence.

2. The parties stipulated in the pre-trial order that plaintiff's husband had performed 231 hours and 50 minutes of bulldozer work on behalf of the defendant at a reasonable charge of $15 per hour, which would amount to the total sum of $3,477.50. Thus, under the pre-trial order the only issue was whether or not defendant had paid for the work and services. In such cases, where the plaintiff proves the contract (stipulated) and the performances of the services (stipulated), a prima facie case is made out, and the burden is shifted to the defendant to establish any facts which would defeat or diminish plaintiff's claim. *Phillips v. Lindsey,* 31 Ga. App. 479 (1) (120 SE 923). And, as held in *Complete Auto Transit v. Baggett,* 107 Ga. App. 415 (1), 416 (130 SE 271): "Evidence sufficient to establish a proponent's case puts the adversary to the necessity of producing evidence to meet the prima facie case, or to produce evidence sufficient to create a state of equipoise between his proof and that of the adversary." This case cites numerous additional authorities so holding.

3. Defendant sought to show by testimony that the contract had been fully satisfied by his payment for the services. He introduced canceled checks as to certain payments, but his testimony in this respect was somewhat vague and confusing, and the jury could have concluded that certain missing checks, which he claimed to have once possessed, amounted to almost as much as plaintiff

recovered in the jury's verdict against defendant. Of course, such questions of evidence are peculiarly for solution by a jury, and as to a verdict which is approved by the trial judge, this court will not set it aside if there is "any evidence" to support it. See *McBowman v. Merry,* 104 Ga. App. 454, 455 (1) (122 SE2d 136); *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762).

4. We therefore affirm the judgment of the trial court in refusing to interfere with the verdict of the jury in this case.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 13, 1975 — REHEARING DENIED MARCH 4, 1975.

*Altman, Williamson & McGraw, Robert B. Williamson,* for appellant.

*William C. Peters,* for appellee.