## 53177. ROSS v. YANCEY BROTHERS COMPANY.

McMURRAY, Judge.

This case involves an action on account seeking $9,627.42 on a parts and service account, $2,080 on a machine and rental account, and $1,972.02 on a promissory note past due and unpaid, and a writ of possession of the tractor and scraper which secured the promissory note under the conditional sales security agreement. Plaintiff sought judgment in the amount of $13,679.44 and a writ of possession as to the equipment.

Defendant generally denied the various averments of the complaint contending the promissory note was not in default and by counterclaim contending that he had been damaged in the amount of $15,000 by reason of plaintiff's failure to perform work on his equipment as agreed causing him to lose time because his machine was unavailable and not in working order. Plaintiff then amended its complaint to seek judgment for $8,262.10 on the parts and service account and $2,080 on the machine and rental account, that is, a total of $10,342.10.

A jury trial was held, and at the completion of the evidence the court directed a verdict in behalf of the plaintiff as to the defendant's counterclaim because the evidence was too speculative as to the amount of alleged damage. He also directed a verdict in favor of the defendant as to the writ of possession and allowed the case to proceed to the jury.

The jury then found for the plaintiff in the sum of $8,167.10. Motion for a new trial was filed and denied, and defendant appeals. *Held:*

Defendant testified that he had paid plaintiff by certain checks after June 7, 1973, at which time plaintiff shows he had a credit balance, and these payments were not reflected in the account, and further that his testimony was uncontradicted, the checks had been cashed and there is a presumption the money was collected, citing *Abney v. M. B. Thomas Auto Sales Co., Inc.,* 93 Ga. App. 224 (4) (91 SE2d 189); and *Wilbanks v. James Talcott, Inc.,* 106 Ga. App. 770 (2), 775 (128 SE2d 333). But plaintiff submitted testimony to explain that the checks were applied to older invoices, and these checks did not cover the entire claimed indebtedness, and there were other inconsistencies in his testimony which the jury might consider. Accordingly, it was an issue for jury determination as to the amount of indebtedness, if any. Code § 38-107; *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243); *Smith v. Merck,* 206 Ga. 361 (4) (57 SE2d 326); *Hurst v. Jackson,* 134 Ga. App. 129 (213 SE2d 511).

We will not set the judgment aside if there is any evidence to support it. *McBowman v. Merry,* 104 Ga. App. 454, 455 (1) (122 SE2d 136). All conflicts should be resolved in favor of upholding the verdict. *Calhoun v. Babcock Bros. Lumber Co.,* 199 Ga. 171 (33 SE2d 430).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1977 — DECIDED FEBRUARY 28, 1977.

*Glyndon C. Pruitt,* for appellant.
*Clifton, Helms & Dodd, David A. Dodd,* for appellee.