60115. UNITED RENTALS SYSTEMS, INC. et al. v. SAFECO INSURANCE COMPANY.

MCMURRAY, Presiding Judge.

United Rentals Systems, Inc. is a corporation having its registered office located in DeKalb County, Georgia. Carole Thomas is the president of United Rentals Systems, Inc.

This is an action by Safeco Insurance Company of America

against United Rentals Systems, Inc., Carole Thomas and Don Thomas, seeking to recover certain losses and expenses the plaintiff incurred by reason of surety bonds written on behalf of the defendant corporation and based upon an indemnity agreement executed by it as "United Rental Systems," signed by the president, Carole Thomas, and also individually by Carole Thomas and Don Thomas, in favor of "Safeco Insurance Companies." The losses by the plaintiff are alleged to have been payments made by it on surety bonds issued to the State of Arizona ($500) and the State of New Mexico ($1,400). "United Rental Systems" was shown as principal and "Safeco Insurance Company" or "Safeco Insurance Co." as the surety on two surety bonds. Therein Safeco was referred to as a corporation duly authorized and licensed under the laws of these states to do a general surety business, although the fee and tax bond issued to the State of New Mexico was later increased from $1,000 to $1,400 by "Safeco Insurance Company of America" as surety. Plaintiff also sought to recover from the defendants an attorney fee in accordance with the indemnity agreement wherein the parties agreed to pay the surety upon demand "[a]ll loss and expense, including attorney fees, incurred by Surety by reason of having executed any Bond or incurred by it on account of any breach of this agreement."

The defendants answered in general denying the claim, admitting only venue and jurisdiction as to the corporate defendant with defenses of failure of consideration and also partial failure of consideration.

The case proceeded to trial after discovery (a notice to produce, interrogatories and certain requests for admissions). The trial was held before the court without the intervention of a jury. The court then rendered its findings of fact that the bonds upon which plaintiff is suing were executed by "one of the Safeco Insurance Companies," and the plaintiff was entitled to sue for the losses incurred as a result of these bonds. The plaintiff was a compensated surety and not governed by the Georgia Insurance Code. There was no evidence that the plaintiff was not authorized to execute the bonds which are the subject matter of this suit and there was full and adequate consideration for the indemnity agreement to bind the defendants. Further, the defendants executed the indemnity agreement, the plaintiff incurred the loss of $500 on the bond executed to the Motor Vehicle Division of the State of Arizona Department of Transportation and $1,400 on the bond issued to the Motor Transportation Department of the State of New Mexico. The plaintiff also had incurred reasonable attorney fees of $1,000 on account of defendants' breach of the indemnity agreement. The conclusions of law by the trial court were that the plaintiff could

recover under the provisions of the indemnity agreement executed by the defendants for "all of its loss, costs and expenses, including attorney's fees in connection with the prosecution of this action." The court concluded the defendants had entered into the contract of indemnity and "are bound by the terms and conditions of that contract." Judgment was then awarded in the sum of $2,900, and the defendants appeal. *Held:*

1. The only witness offered in behalf of the plaintiff was its surety claims manager who testified as to certain business records of the plaintiff with particular reference to copies of documents as to the bonds, the indemnity agreement, and letters from and to others with reference to the claims against the surety plaintiff by the State of New Mexico and the State of Arizona. This witness testified that he was the custodian of these files maintained in the ordinary course of the plaintiff's business. He testified that the obligees (State of New Mexico and State of Arizona) had the originals of the bonds which are not returned to the surety. These documents (copies) were then identified and offered in evidence, some of which were objected to and others not; but all were admitted in evidence. He also testified as to receiving the claims upon the surety bonds from the two states and the payment of same upon no receipt of an answer from the defendant corporation with reference to these claims.

The defendants have enumerated error to the allowance in evidence of those various exhibits which will now be considered.

(a) Defendants' complaint as to the allowance in evidence of a machine copy of a rider to the original bond executed in favor of the State of New Mexico increasing the amount from $1,000 to $1,400, in that plaintiff had not laid the proper foundation is not meritorious. See Code Ann. § 38-711 (Ga. L. 1952, p. 177); *Williams v. Davis Water & Waste Industries,* 141 Ga. App. 49, 51 (232 SE2d 389); *Timothy McCarthy Const. Co. v. Southern Detectives,* 125 Ga. App. 205, 206 (186 SE2d 895). The witness who identified this document testified that the original was in the possession of the obligee, the State of New Mexico, but the document allowed in evidence was a part of the business records of the plaintiff and that he was the custodian of the same.

(b) Objections were also made and were enumerated to the admission in evidence of copies of letters as to all demands from the obligees on the bonds, demands from the plaintiff to the corporate defendant and letters forwarding payment to the states and the returning of a release to it. All of these documents were purportedly introduced as shown above as business records of the plaintiff corporation. However, if any one of these documents could be said to be allowed as illegal evidence, nevertheless, when a case is tried before

a judge without a jury, there is a presumption that the judgment was rendered only upon the competent and legal evidence before him and if any illegal evidence was admitted it does not require a new trial. *Nelliger v. Atlanta Baggage & Cab Co.,* 109 Ga. App. 863 (3), 866 (137 SE2d 566); *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d 917); *Citizens & Southern Bank v. Morris State Bldg. Corp.,* 243 Ga. 169, 170 (2) (253 SE2d 89).

(c) There were 19 different documents admitted into evidence and after a careful review of same as found in the transcript, together with the objections made and enumerated as error, we find no reversible error by the trial court in allowing same in evidence.

2. Error is next enumerated that the indemnity agreement was not a valid and enforceable contract between plaintiff and the defendants. The bonds were executed by Safeco Insurance Company, yet the indemnity agreement was to "Safeco Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds of *United Rental Systems.* "However, the surety referred to in this agreement was defined as among others, "Safeco Insurance Company of America, . . . and any person or company joining with any of them in executing any Bond, . . . at its request, or providing reinsurance to it with respect to any Bond." It has been held that a contract made with a corporation in a trade or colloquial name may be sued on by it in its true corporate name. *McClain v. Georgian Co.,* 17 Ga. App. 648 (3) (87 SE 1090); *Rogers v. State,* 90 Ga. 463, 465 (1) (16 SE 205); *Allen v. Peoples Bank,* 133 Ga. 150 (1) (65 SE 379); *Golden's Foundry & Machine Co. v. Wight,* 35 Ga. App. 85 (1) (132 SE 138); *Wall v. First State Bank,* 86 Ga. App. 118 (70 SE2d 917). There is no merit in the complaint. This action could be brought by Safeco Insurance Company of America when the surety named in the bonds was "Safeco Insurance Co.," "Safeco Insurance Company," or "Safeco Insurance Company of America," clearly showing therein that one of the "Safeco Insurance Companies" was Safeco Insurance Company of America in acting as surety for a surety bond for "United Rental Systems." Suit was also properly brought against "United Rentals Systems, Inc.," even though the nomenclature may not be exactly correct as to its corporate name. This is particularly true and correct here where no evidence was offered to dispute same or to claim there were other separate entities in existence.

3. The next enumeration of error we consider is that the trial court erred in finding there was consideration for the indemnity agreement, i.e., the defendants failed to carry the burden that there was no consideration therefor. See *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 895 (1) (216 SE2d 651); *Ga. Casualty Co. v. Dixie*

*Trust & Security Co.,* 23 Ga. App. 447 (3) (98 SE 414); *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, 50 (195 SE2d 671). The issue of failure of consideration is an affirmative defense which must be raised by pleading. See Code Ann. § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048). Here defendants denied the claim and made affirmative defenses of failure of consideration but introduced no evidence whatsoever. Further, no objection was made when the indemnity agreement was offered in evidence with reference to the signatures thereon. See *Hall v. Southern Sales Co.,* 81 Ga. App. 392, 393 (2) (58 SE2d 925); *DeLay v. Gault,* 141 Ga. 406 (81 SE 195). An accommodation party or surety need not receive a separate consideration, and in this instance the principal obligor on the bonds was the defendant, "United Rental Systems." See *Jackson v. First Bank of Clayton County,* 150 Ga. App. 182, 185-186 (256 SE2d 923). For a discussion of the law as to compensated and uncompensated sureties see *Houston Gen. Ins. Co. v. Brock Const. Co.,* 241 Ga. 460 (246 SE2d 316), affirming *Brock Const. Co. v. Houston Gen. Ins. Co.,* 144 Ga. App. 860 (1) (243 SE2d 83). See also *Ellis v. Chem-Tech Finishers, Inc.,* 140 Ga. App. 180 (230 SE2d 340). The indemnity agreement recites that it is in consideration of the "execution of any such Bonds for Principal and as an inducement to such execution by Surety," hence it cannot be said that there was no consideration for same.

4. The next enumeration of error contends that the trial court erred in holding that the plaintiff was not required to be licensed under the Georgia Insurance Code and not required to prove the same as a part of its case. However, plaintiff was not suing under the surety bonds as issued in Georgia. On the contrary, copies of the bonds offered in evidence refer to the fact that the surety is "a corporation duly authorized and licensed under the laws of the State of [New Mexico and the State of Arizona]." The action here is brought on the indemnity agreement whereby the undersigned parties agreed to indemnify the surety " Safeco Insurance Companies" under which "Safeco Insurance Company of America" is defined and shown to be one of the companies. Accordingly, there is no merit in the complaint that the plaintiff failed to prove that it was a licensed surety regulated by the Insurance Code of Georgia. See *Azar-Beard & Assoc. v. Wallace,* 146 Ga. App. 671, 672 (3) (247 SE2d 154). There is no merit in this complaint.

5. Finally, defendants contend that the plaintiff was not entitled to attorney fees since it failed to demand same pursuant to Code Ann. § 20-506 (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317), which has reference to an obligation to pay attorney fees upon any note or any other evidence of indebtedness.

However, the suit for attorney fees here does not come within the requirements of this statute. The indemnity agreement here clearly states that the undersigned parties "agree to pay to Surety upon demand: [a]ll loss and expense, including attorney fees, incurred by Surety . . . on account of any breach of this agreement by any of the Undersigned." See *Morrison v. Fidelity & Deposit Co.*, 150 Ga. 54 (4), 55 (102 SE 354).

6. The evidence clearly established that the plaintiff incurred loss by having to pay out to the State of New Mexico and the State of Arizona certain funds for which it had agreed to in acting as surety. Defendants offered no evidence whatsoever to dispute this issue. The trial court did not err in holding that the defendant corporation defaulted on the original bonds and that the plaintiff had incurred a loss.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JUNE 6, 1980 — DECIDED SEPTEMBER 11, 1980 — REHEARING DENIED OCTOBER 10, 1980 —

*John E. Tomlinson,* for appellants.
*John V. Burch,* for appellee.

