45422.   FLEMISTER, Guardian v. UNITED
BONDING INSURANCE COMPANY et al.
45428.   BASS, Administrator v. UNITED
BONDING INSURANCE COMPANY et al.

PANNELL, Judge. United Bonding Insurance Company brought a complaint against Mrs. Louise Flemister, as guardian of Mrs. A. M. Garner, incompetent, and Charles T. Bass, Jr., as administrator of the estate of Calvin Eugene Garner, deceased, seeking to recover upon an alleged contract whereby the defendants agreed to save the complainant harmless against all losses, damages or expenses which might be incurred by the complainant should it become surety on a $10,000 appearance bond for one Emerson Brown, Jr., for his appearance before the Superior Court of Guilford County, North Carolina. It was alleged that the bond was forfeited and certain alleged expenses, together with the principal amount of the bond, were paid into the registry of the Superior Court of Guilford County, North Carolina. The complainant's motion for summary judgment, after hearing, was granted, and the defendants filed separate appeals. The evidence disclosed that at the time in question Mr. and Mrs. Garner were operating a business known as Garner Bonding Company and that Mr. Garner was the general manager, and that this partnership had executed several bonds in behalf of Emerson Brown, Jr., on other offenses prior to the

particular matter involved in this case. The evidence also disclosed that the bond had been forfeited and the required amounts paid into the registry of the court, as well as proper proof of the expenses incurred. Mr. W. L. King, by affidavit, testified that he was an agent of the defendant, working immediately under direction of Mr. Garner, who was the manager of the company, that the defendant company was not authorized or licensed to do business in North Carolina, and that at the direction of Mr. Garner, manager of Garner Bonding Company, he contacted a local agent of the United Bonding Insurance Company to see if they could arrange bond for Brown in North Carolina, and at the instruction of Mr. Garner the witness informed them "that Gene Garner and Garner Bonding Company would indemnify . . . United Bonding Insurance Company . . . and hold them harmless for any loss on this bond, and stand good for this man's appearance in court." The affidavit further disclosed that the bond was arranged and posted and that one-half of the premium charge on this bond was delivered to the witness by the agent of the complainant and he in turn gave this amount to "Mr. C. E. Garner as his part of the bond premium"; that subsequently the agent of the complainant in the presence of the witness discussed this bond forfeiture "with Mr. Garner" in the office of defendants and "Mr. Garner . . . admitted his indemnification agreement and his liability on the bond." Another witness, a deputy United States marshal, by affidavit, testified that "Mr. Garner stated to deponent that he had requested" the agent of complainant "to write the bond in North Carolina because he [Garner] was not licensed to do so," and "that said Garner stated that he was obligated to" the agent of complainant "for the loss on the North Carolina bond and that he was going to reimburse him . . . for that loss." None of this evidence was contradicted. There was an affidavit giving similar testimony which was made by the agent of the complainant, and which the appellants contend should not be considered because this evidence was not competent under the provisions of Code § 38-1603 (1). This opinion is written without consideration of this witness's testimony as to these communications. Held:

1. "A promise by one person to indemnify another for becoming security to a *third,* is not within the statute of frauds, and need not be in writing. And the promisee may recover of the promisor the whole of the moneys which he was compelled to pay by virtue of the bond into which he entered. The assumption of the responsibility is a sufficient consideration for the promise." *Jones v. Shorter,* 1 Ga. 294. See also *Clark v. Toney,* 17 Ga. App. 803 (88 SE 690).

2. Under the evidence adduced there was no jury issue as to whether C. E. Garner individually made the agreement rather than Garner Bonding Company; nor was there any issue as to his authority to do so. That the defendant company was not authorized to do business in North Carolina has nothing to do with his agreement made in Georgia to save an authorized bonding company harmless from any losses incurred as a result of executing the appearance bond in behalf of a customer of the defendants for which the defendants received half of the premium charge.

3. The trial court did not err in granting the summary judgment in favor of the complainant and against the defendants.

> *Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
> SUBMITTED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970.

*Charles R. Smith,* for Flemister.

*Rich, Bass, Kidd & Broome, Casper Rich, Robert J. NeSmith,* for Bass.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for United Bonding Ins. Co.