H. Leon PERRY

v.

James P. LOCKERT, Individually and as County Judge of Cheatham Co., Tennessee, et al.

No. 75–24–NA–CV.

United States District Court, M. D. Tennessee, Nashville Division.

Feb. 2, 1976.

Stanley H. Sidicane, Nashville, Tenn., for plaintiff.

James F. Neal, Nashville, Tenn., for defendants Lockert, Harper, Gunn, Winters, Ellis, Perry, Hunt, Head, Smith, Albright, Williams, Hall, Sawyer, Stuart, Stinnett, Hagewood, Binkley & Baldwin.

Lewis B. Hollabaugh, Manier, White, Herod, Hollabaugh & Smith, Nashville, Tenn., for defendants General Ins. Co. & Leslie Binkley.

W. R. Baker, Ashland City, Tenn., for defendants Lockert & Baldwin.

Joe G. Cummings, Boult, Cummings, Conner & Berry, Nashville, Tenn., for defendant Western Surety Co.

## MEMORANDUM

MORTON, District Judge.

By Order dated December 15, 1975, the court vacated its previous Order in this cause in which it had awarded cross-plaintiff, Western Surety Company, a recovery of $666.00 from cross-defendant Jimmy P. Lockert, said amount representing sums expended by the former for attorney's fees.

Having thoroughly reexamined the particular facts of this case and the relevant legal principles, the court is now persuaded that its previous award to cross-plaintiff (hereinafter, the surety) was in error.

■ While the court still accepts the surety's assertion that there exists no genuine issue as to any material fact, it is now convinced that the applicable law dictates in favor of the cross-defendant (hereinafter, the principal). Accordingly, it is appropriate that summary judgment be entered in favor of the principal, despite the fact that he has filed no motion to that effect. See 10 *Wright & Miller, Federal Practice & Procedure,* § 2720, and cases cited therein; 3 *Barron & Holtzoff, Federal Practice & Procedure,* § 1239 (Wright ed.).

As stated above, the facts are undisputed that the surety demanded that its principal provide it a defense, that the principal refused to do so, and that the surety thereafter employed its own counsel at an expense of $666.00. The only issue of law to be resolved is whether, under the facts of this case, the principal was under a duty to provide a defense for his surety.

■ Inasmuch as the surety bond agreement was entered into and recorded in Tennessee, and its performance was to take place in Tennessee, the laws of that state govern its operation and effect. See *Ohio Casualty Insurance Co. v. Travelers Indemnity Co.,* 493 S.W.2d 465 (Tenn.1973).

■ While there appear to be no Tennessee cases squarely on point, the relevant case law strongly suggests that a compensated surety (as opposed to an accommodation surety), in the absence of an indemnity agreement or a controlling statute, may not recover from its principal expenses which it incurs in defending a suit brought by an obligee against the principal and surety as codefendants, unless it has first satisfied some portion of the principal's obligation.

This principle is not a novel one. In the 1869 case of *Overton v. Harding,* 46 Tenn. (6 Coldwell) 375 (1869), the Tennessee Supreme Court ruled that an indorser (alternately referred to by the court as a surety) on a note "has no remedy against the maker, [i. e., principal] for costs incurred by him in his own defense." The court distinguished such an "indorser for value" from an "accommodation indorser," declaring that the latter "may recover from the maker, the costs incurred in resisting, in good faith, and upon reasonable grounds, a recovery against him upon his indorsement: 1 Parsons on Con., 33; Sedgwick on Dam., 297, 335."

The distinction drawn in *Overton* between accommodation indorsers and indorsers for value is significant, for implicit in it is the idea that one who receives compensation for guaranteeing the performance of another must concomitantly accept certain risks attendant thereto, one of which is that he may be called upon to defend himself against claims deriving from his undertaking.

This risk has been tacitly acknowledged by the bonding industry for many years, for in virtually every bond application prepared by professional sureties there appears an indemnity agreement specifically shifting the burden to the principal to bear all expenses incident to a claim on the bond.[1]

In the instant case, however, the surety admits that there was no bond application made by the principal. Hence, there was no express contractual indemnity agreement obligating Judge Lockert to hold harmless his surety in case of a third party claim. The surety seems to argue, however, that there is an indemnity obligation *implied in law,* requiring that the principal provide a defense for the surety when both are sued, but before any payment on the bond is made by the surety. In support of this argument, the defendant surety cites *Holt v. Winstead,* 45 Tenn. (5 Coldwell) 568 (1868).

*Holt* cannot be read to support the proposition for which it is cited by the surety. In that case, the Tennessee Supreme Court merely declared that pursuant to the statute in force at that time, a surety who defended an action against it, if such defense was reasonable and bona fide, could recover his "costs" from his principal.[2]

The statute upon which the court based its holding was the precursor of the present *Tennessee Code Annotated* sections 25–323 and 25–335, which are in all pertinent respects identical to the Code provision cited in *Holt.* Both the original and modern code sections provide in essence that a surety may recover on judgment on motion against his principal "interest and costs of the original judgment." No specific mention is made of "attorney's fees" as being recoverable by the surety, as is provided in other code sections which specifically enumerate recoverable sums. See, e. g., T.C.A. §§ 2–1715, 8–4203, 30–520, 47–17–103, 48–915, 56–2120, and 67–2012. In each of the foregoing code sections, attorney's fees are expressly distinguished from "costs" of the action, which are generally understood to mean "court costs," including filing fees, service of process payments, and the like. Thus the fact that the statute in *Holt* specifically delineated two types of recoverable sums—interest and costs—while conspicuously omitting any express reference to attorney's fees, can reasonably be interpreted,

---

1. See, e. g., *Gibson County Bank v. Shatz,* 12 Tenn.App. 281 (1930); *Central Towers Apartments, Inc. v. Martin,* 61 Tenn.App. 244, 453 S.W.2d 789 (1969); *Transamerica Ins. Co. v. Bloomfield,* 401 F.2d 357 (6th Cir. 1968).

It might be noted parenthetically that in some thirty-five years of private practice, during which the court was involved in numerous suretyship arrangements, it cannot recall a single instance where, as in the instant case, an indemnity agreement was not exacted from the principal by the surety as a part of the bonding contract, obligating the former to bear all expenses of litigation, including attorney's fees.

2. As the textual discussion which follows will demonstrate, the term "costs" in *Holt* is used in a different context than in *Overton, supra,* and hence has a different meaning. In *Overton* the term seems to refer to general expenses of litigation, including attorney's fees, while in *Holt,* the term derives its meaning from the statute upon which the court relies, and thus is more restricted in its implications.

under the maxim, *expressio unius est exclusio alterius*,[3] to exclude the recovery of attorney's fees. See *Equal Employment Opportunity Commission v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1362 (6th Cir. 1975); *Southern v. Beeler*, 183 Tenn. 272, 195 S.W.2d 857, 866 (1946).

The proposition enunciated in *Holt*, then, suggests only that interest and court costs are recoverable from the principal by a surety who elects to defend itself in an action brought by the principal's obligee. *Holt* cannot be read, in light of the statute upon which it relies, to support the surety's assertion that it is entitled to reimbursement for attorney's fees from the principal.

As the court stated in *Deyerle v. Wright Mfg. Co.*, 496 F.2d 45, 55 (6th Cir. 1974),

As a general rule, American jurisprudence does not sanction the award of attorneys' fees unless provided for by statute or contract. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).[4]

The absence of any controlling statutory or contractual provisions in the instant case has already been discussed. Indeed, even when express contractual provisions are present, the courts of Tennessee have in recent years seen fit to deny a surety attorney's fees from its principal under certain circumstances. In *Central Towers Apartments, Inc. v. Martin*, 61 Tenn.App. 244, 453 S.W.2d 789 (1969), cert. denied, the court denied recovery to a surety for attorney's fees, despite the fact that the principal had executed an agreement expressly promising to hold the surety "harmless from and against any and all claim, liability, cost, charge, counsel fee (including fees of special counsel), expense, suit, order, judgment

and adjudication whatsoever," provided such expense was incurred in good faith by the surety. The court reasoned that the circumstances surrounding the suit against the principal and surety in that case did not reasonably warrant a separate defense by the surety at the expense of the principal, and hence that the surety had not acted in good faith, as required by the indemnity agreement, in employing separate counsel.

■ While the equities inherent in suretyship arrangements might seem at first blush to dictate in favor of the principal bearing the expense of legal representation necessitated by his own default, the simple fact remains that the surety in this case neglected to protect itself by the simple and routine expedient of requiring a bond application containing an indemnity clause. Such an oversight by an obviously astute business entity, especially where indemnification agreements are a commonplace condition precedent to the issuance of bonds by sureties, cannot be overlooked by this court.

For the reasons hereinabove stated, therefore, the court finds that the cross-plaintiff, Western Surety Company must bear the expense of its own counsel's fees, and there being no pertinent statutory or contractual provisions to the contrary, is not entitled to indemnity for that amount from its principal, Jimmy P. Lockert. Accordingly, summary judgment will be entered in favor of cross-defendant.

An appropriate order will be entered.

---

3. "the expression of one thing implies the exclusion of another thing." J. Ballentine, *Ballentine's Law Dictionary* 442 (3d ed. 1969).

4. This principle, as applied to suretyship agreements, finds support in the general treatise material:

"Since a surety, in respect of his right to indemnity from the principal, is a simple contract creditor of the principal, in the absence of a contract or statute giving him the right,

no cause of action to recover costs and expenses, *such as attorneys' fees*, arises against the principal and in favor of the surety unless he has satisfied all or some part of the principal's obligation." 74 Am.Jur.2d Suretyship § 199 at p. 135 (emphasis added, citations omitted).

See also 124 A.L.R. 1175, and cases cited therein.