**TOLEDO POLICE PATROLMAN'S ASSOCIATION, Plaintiff,**

v.

**CITY OF TOLEDO, et al., Defendants.**

No. C 87–7435.

United States District Court, N.D. Ohio, W.D.

Feb. 4, 1988.

Ted Iorio, Toledo, Ohio, for plaintiff.

Robert Young, Toledo, Ohio, for defendants.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on plaintiff's motion for summary judgment, defendants' opposition,[1] and plaintiff's reply. Also before the Court is plaintiff's motion to certify the class.[2]

Plaintiff has filed this case pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Plaintiff seeks to prohibit the defendants from conducting internal police investigations that require an officer to testify or possibly be discharged. Plaintiff contends that the sole issue before the Court is whether, under 42 U.S.C. § 1983, it is unconstitutional for the defendants to compel members of plaintiff's proposed class to give potentially incriminating testimony when the City of Toledo has been unwilling and unable to maintain the contractually mandated confidentiality of this testimony. In the complaint plaintiff maintains that defendants' failure to preserve the confidentiality of answers during Internal Affairs questioning violates the pro-

---

1. Defendant's opposition was originally entitled a motion for judgment on the pleading. Defendants moved to have this motion recaptioned as opposition to plaintiff's motion for summary judgment. Plaintiff did not oppose this motion, and the Court granted defendants' motion. The Court has reviewed all these materials and will construe defendants' motion as opposition to plaintiff's motion for summary judgment. Although the Court has reviewed plaintiff's opposition to defendants' motion for judgment on the pleadings, plaintiff's arguments in this brief were rendered moot when defendants recaptioned its brief.

2. In light of this Court's disposition of the other motions, disposition of plaintiff's motion to certify is not necessary. However, this Court would be reluctant to certify a class in this case pursuant to Fed.R.Civ.P. 23(a). Plaintiff has instituted a proceeding in this Court on behalf of their members. This case is *Toledo Police Patrolmen's Ass'n, Local 10 v. City of Toledo,* No. C 86–7755 (N.D. Ohio Nov. 19, 1987). In Case No. C 86–7755, plaintiff has sought through discovery the very material it claims is confidential and not subject to disclosure in the present proceeding. Since plaintiff's conduct in Case No. C 86–7755 is inconsistent with a portion of the relief sought in the present proceeding, this Court questions plaintiff's ability to adequately represent the interests of the class in this proceeding pursuant to Fed.R.Civ.P. 23(a)(4).

posed class' rights secured by the fourth, fifth and fourteenth amendments to the United States Constitution.

■ To maintain a cause of action under 42 U.S.C. § 1983, plaintiff must plead and prove two elements. *Dunn v. Tennessee,* 697 F.2d 121, 125 (6th Cir.1982), *cert. denied sub nom., Wyllie v. Dunn,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). First, the plaintiff must plead and prove a deprivation of "rights, privileges and immunities secured by the Constitution and laws of the United States." Second, the plaintiff must establish that the defendants deprived him of constitutional rights under color of state law. *Id.;* see also *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Plaintiff contends that in exchange for requiring police officers to answer internal affairs questions the plaintiff and the City of Toledo contracted not to use the testimony obtained in the internal affairs investigation in any subsequent criminal proceeding and to maintain the confidentiality of any information divulged at an internal affairs hearing. Plaintiff relies on *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) for the proposition that information gathered during internal affairs questioning cannot be used to criminally convict the testifying officers without violating the fifth amendment. However, if a policeman refuses to answer questions "specifically, directly and narrowly relating to the performance of his official duties, without being required to waive his immunity with respect to the use of his answers or fruits thereof in a criminal prosecution, ... the privilege against self-incrimination would not have been a bar to his dismissal." *Gardner v. Broderick,* 392 U.S. 273, 278, 88 S.Ct. 1913, 1916, 20 L.Ed.2d 1082 (1968).

In the present proceeding, plaintiff does not allege that defendants are permitting the information obtained in internal affairs investigations to be used in criminal proceedings against the testifying officers. Therefore, plaintiff has not sufficiently pled or established a deprivation of the fifth amendment.

■ Plaintiff contends that the guarantees in *Garrity* were contractually expanded by the defendants' contractual promise not to divulge any information obtained during an internal affairs investigation. However, pursuant to 42 U.S.C. § 1983, a plaintiff must establish a deprivation which is guaranteed by the United States Constitution and laws. Plaintiff and defendants cannot contractually enlarge the Constitution, thereby rendering a breach of the parties' contractual agreement to a deprivation of a constitutionally guaranteed right. Therefore, plaintiff has failed to plead or establish a deprivation of the fifth amendment.

■ Assuming without deciding that defendants' disclosure of the internal affairs investigation pursuant to a court order violated Toledo Municipal Code 2129.19, not all violations of state law rise to the level of a "constitutional tort." *Taylor v. Nichols,* 409 F.Supp. 927, 933 (D.Kan.1976), *aff'd,* 558 F.2d 561 (10th Cir.1977). Violations of state law are only cognizable under 42 U.S.C. § 1983 when the violation of state law results in an infringement of a federally protected right. *Missouri ex rel. Gore v. Wochner,* 620 F.2d 183 (8th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980). Therefore, "the violation of any rights that might arise exclusively by failure to comply with some of the procedures provided by city charter, ordinance and regulation thereunder, do not rise to the level of a federal constitutional violation." *Id.;* see also *German v. Killeen,* 495 F.Supp. 822, 829 (E.D.Mich. 1980). Defendants' conduct in obeying a court order to disclose information in violation of the municipal code, does not infringe a federally protected right.

Plaintiff also alleges that defendants' conduct constitutes a deprivation of the fourth amendment. However, under 42 U.S.C. § 1983, "[i]t is not sufficient to state conclusionary allegations without support in the facts alleged." *Kregger v. Posner,* 248 F.Supp. 804, 806 (E.D.Mich.1966); *German,* 495 F.Supp. at 828. Plaintiff has not alleged any facts in reference to the fourth amendment violation. Therefore, since

plaintiff has failed to articulate sufficient facts to support a fourth amendment violation, the only remaining constitutional deprivation alleged is a fourteenth amendment violation.

▮ Plaintiff alleges that, pursuant to the fourteenth amendment, all public employees have a constitutionally guaranteed property right to continued employment. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Plaintiff then attempts to connect the guarantees afforded under *Garrity* to the guarantees afforded under *Loudermill.* *Garrity* involved the protection afforded by the fifth amendment as made applicable to the states by the fourteenth amendment. However, the guarantees of *Garrity* do not implicate the property interest of a public employee as guaranteed by *Loudermill.* Cf. *Kelley v. Johnson,* 425 U.S. 238, 248–49, 96 S.Ct. 1440, 1446–47, 47 L.Ed.2d 708 (1976).[3]

Even assuming officers do have a constitutionally protected property interest, plaintiff has not alleged or established that defendants have deprived any officer of this property interest, much less that the deprivation occurred without adequate due process. The fourteenth amendment does not prohibit the deprivation of an officer's property right in continued employment. The fourteenth amendment only protects against such deprivations without due process of law. *Taylor,* 409 F.Supp. at 935. Although plaintiff contends that a discharged officer can only seek redress to the fourth step of the grievance procedure, the Court has held that the "formality and procedural prerequisites for the hearing can vary, depending on the importance of the interests involved and the nature of subsequent proceedings." *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). The Toledo Municipal Code provides an officer with the right to notice and to be heard before discharge. Therefore, even if the plaintiff had pled and established that officers were discharged, plaintiff has failed to plead and establish that such discharge would have been effectuated without the protection of due process.

Pursuant to Fed.R.Civ.P. 56, "the commentators generally agree that where there is no genuine issue of fact, the court may enter summary judgment for either party, whether or not such party has made a motion." *Pueblo of Santa Ana v. Mountain States Telephone & Telegraph Co.,* 734 F.2d 1402, 1408 (10th Cir.1984), *rev'd on other grounds,* 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985); *Perry v. Lockert,* 414 F.Supp. 169, 170 (M.D.Tenn.1976); see also 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure, § 2720 at 29–30 (2d ed. 1984). Therefore, since there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law, summary judgment will be rendered in favor of the defendants even though they have not formally filed a cross-motion for summary judgment under Fed.R.Civ.P. 56.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiff's motion for summary judgment be, and hereby is, DENIED; and it is

FURTHER ORDERED that summary judgment is GRANTED in favor of defendants.

▮

---

3. The Court has also considered plaintiff's vague reference to the right of privacy. The Supreme Court's concept of a right to privacy refers to autonomy. See. e.g. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). However, the Court has only recognized as protected activities matters relating to marriage, procreation, and family life. *Johnson,* 425 U.S. at 244, 96 S.Ct. at 1444. Therefore, since plaintiff has failed to implicate protected activities, defendants' conduct does not infringe upon an officer's right to privacy.